BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
(415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0399 PJH |
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE OTHER ACTS AND IMPEACHMENT EVIDENCE |
| v. | |
| JAIME SALCEDO MENDOZA, | Pretrial Conference: August 27, 2008 |
| Defendant. | |

**INTRODUCTION**

Defendant Jaime Salcedo Mendoza respectfully moves the Court for an order excluding all "other acts" evidence from trial. Such evidence is generally disfavored. Moreover, the government has not articulated a theory of relevance under Federal Rule of Evidence 404(b) for any such evidence it might seek to introduce, or demonstrated that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice or confusion of the issues under Rule 403. Accordingly, the Court should not admit any other-acts evidence at trial.

Mr. Salcedo Mendoza also moves the Court for an order excluding certain proffered impeachment evidence from trial on similar grounds.

CR 08-0399 PJH; DEF.'S MOTION TO
EXCLUDE OTHER ACTS AND
IMPEACHMENT EVIDENCE                    1

# ARGUMENT

## I.  Other-Acts Evidence Is Generally Disfavored

Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The rule goes on to state that such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." *Id.*

The Ninth Circuit has repeatedly noted that the limitations of Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced the defendant is a bad man deserving of punishment." *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (noting that the reluctance to sanction the use of other-acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is").

Due to the danger that the jury will be swayed to convict a defendant based upon uncharged conduct, the Ninth Circuit has mandated that "the use of such evidence must be narrowly circumscribes and limited." *See*, *e.g.*, *United States v. Bailleux*, 685 F.2d 1105, 1109 (9th Cir. 1982); *see also Mayans*, 17 F.3d at 1181 ("[E]xtrinsic acts evidence is not looked upon with favor."). Other-acts evidence is thus generally disfavored.

## II.  The Government Bears the Burden of Identifying a Theory of Admissibility for Other-Acts Evidence and Demonstrating Admissibility Under Rules 403 and 404(b)

As noted above, Rule 404(b) enumerates purposes for which other acts evidence may be

1  admitted. Prior to the admission of any other-acts evidence, the government must carry its
2  burden of showing how the proffered other-acts evidence "is relevant to one or more issues in the
3  case; specifically, it must articulate precisely the evidential hypothesis by which a fact of
4  consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689
5  F.2d 822, 830 (9th Cir. 1982) (citations omitted); *see also United States v. Brooke*, 4 F.3d 1480,
6  1483 (9th Cir. 1993) (quoting *Mehrmanesh*); *United States v. Arambula-Ruiz*, 987 F.2d 599, 602-
7  03 (9th Cir. 1993) (same); and *United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985)
8  (same). The government must then demonstrate that the proffered evidence meets the
9  requirements for admission under Rules 404(b) and 403. *See*, *e.g.*, *Mayans*, 17 F.3d at 1181-83.
10    The Court must "make a focused determination of relevance mandated by" the rules of
11  evidence before any other-acts evidence can be admitted. *Id.* at 1183. The Court cannot make
12  the requisite determination unless the government articulates a theory for admission and carries
13  its burden of proof.
14  **III.  The Government Has Not Met its Burden of Identifying a Theory of Admissibility for Other-Acts Evidence and Demonstrating Admissibility Under Rules 403 and 404(b)**
15
16    The government has provided only vague notice regarding potential 404(b) evidence. On
17  July 24, 2008, defense counsel received a letter enclosing copies of court documents and
18  pleadings related to Mr. Salcedo Mendoza's May 14, 2003 conviction for reentry after
19  deportation. The letter stated: "The government also hereby gives notice that it may seek to
20  introduce the other crimes, wrongs or acts committed by defendant which are referenced in the
21  enclosed documents pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence."
22  *See* AUSA Helou Letter of July 24, 2008 (hereinafter "Helou Letter"), attached to Declaration of
23  Ronald Tyler Authenticating Documents (hereinafter "Tyler Auth. Dec") as Exhibit A. The bare
24  recital of Evidence sections was not illuminated by any evidentiary hypotheses.
25    The documents accompanying the letter included the following:
26

CR 08-0399 PJH; DEF.'S MOTION TO
EXCLUDE OTHER ACTS AND
IMPEACHMENT EVIDENCE            3

1) A copy of pretrial minutes for the related February 21, 2003 change of plea proceedings

2) A copy of the application for permission to change plea on that same date.

3) A copy of the plea agreement filed on that same date.

4) A copy of the defendant's sentencing memorandum from May 6, 2003.

5) A copy of the government's opposition to the defendant's memorandum, filed on May 9, 2003.

It is unclear how the government intends to use these materials. At several points within the documents, patently prejudicial character evidence abounds. In the defendant's sentence memorandum, references are made to: Mr. Salcedo Mendoza's addiction to drugs and alcohol; his drug-related convictions of the 1990's; a more recent drug-related felony conviction; and two misdemeanor convictions for battery and resisting arrest. *See* Excerpts of Defendant's May 6, 2003 Sentencing Memorandum, attached to Tyler Auth. Dec. as Exhibit B.

In the government's opposition to the defendant's memorandum, additional prejudicial character evidence appears: references to Mr. Salcedo Mendoza's criminal history points, criminal history category and prior criminal convictions. *See* Excerpts of Government's May 9, 2003 Opposition, attached to Tyler Auth. Dec. as Exhibit C.

Neither Mr. Salcedo Mendoza's addiction nor the referenced prior convictions are admissible at trial. The addiction is not admissible because it is character evidence with no evidentiary value.

The prior convictions are not admissible because their only permissible purpose at trial would be to establish that Mr. Salcedo Mendoza was deported after suffering a felony conviction. *See Garcia-Aguilar vs. U.S. District Court*, __ F.3d __, 2008 WL 3009680 (9th Cir. 2008) (In Section 1326 prosecution, sequence of previous conviction and removal must be alleged and proven). For that purpose, Mr. Salcedo Mendoza will stipulate to the existence and date of the most relevant prior felony. Specifically, he will stipulate that he suffered a felony conviction

CR 08-0399 PJH; DEF.'S MOTION TO
EXCLUDE OTHER ACTS AND
IMPEACHMENT EVIDENCE                4

prior to February 12, 1999—the date on which the government alleges he was first deported.

Consequently, given that the government has articulated no theory of admissibility under Rule 404(b) and given that the only legitimate basis is rendered unnecessary by the defendant's stipulation, the Court should exclude all other-acts evidence from trial.

### IV. The Government Has Also Failed to Identify a Theory of Admissibility Under Rules 608 and 609.

The government has indicated that it also may seek to introduce materials attached to the Helou Letter for purposes of impeachment under Federal Rules of Evidence 608 or 609. *See* Helou Letter. It is difficult to fathom the evidentiary hypothesis that would support such admission and the government's bald assertions are unhelpful.

#### A. Federal Rule of Evidence 608

Federal Rule of Evidence 608 permits attacks on the credibility of a witness based on opinion or character evidence—not applicable to the material proffered by the government—or based on specific instances of conduct, which appears to facially fit the government's evidence. Fed. R. Evid. 608(b). The Rule provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . .

Fed. R. Evid. 608(b).

If the government seeks admission under rule 608, several obstacles arise. First, none of the materials can be introduced as substantive evidence. *Id.* Second, the only possibly admissible evidence under that rule would be the evidence of Mr. Salcedo's addiction (since the other evidence, of convictions, falls under Rule 609). Furthermore, if the government intended to inquire into the addiction on cross-examination, it is stymied by the lack of the evidence's

CR 08-0399 PJH; DEF.'S MOTION TO
EXCLUDE OTHER ACTS AND
IMPEACHMENT EVIDENCE            5

probative value. There is no logical connection between someone's history of addiction and that person's character for truthfulness at the time of testimony. In any event, there is no indication that Mr. Salcedo Mendoza will testify and be subject to impeachment.

**B. Federal Rule of Evidence 609**

The inadmissibility of the evidence of Mr. Salcedo Mendoza's various convictions, is established in the separately filed, "Defendant's Motion In Limine to Exclude Prior Convictions."

## CONCLUSION

For the reasons stated, the Court should grant Mr. Salcedo Mendoza's motion and exclude all other-acts evidence under Rules 403, 404(b), 608 and 609.

Dated: August 13, 2008

                                      Respectfully submitted,

                                      BARRY J. PORTMAN
                                      Federal Public Defender

                                      /S/

                                      RONALD TYLER
                                      Assistant Federal Public Defender