BARRY J. PORTMAN
Federal Public Defender
RONALD TYLER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0399 PJH |
| ) | |
| Plaintiff, ) | DECLARATION OF RONALD TYLER AUTHENTICATING DOCUMENTS |
| ) | |
| v. ) | |
| ) | Pretrial Conference: August 27, 2008 |
| JAIME SALCEDO MENDOZA ) | |
| ) | |
| Defendant. ) | |
| _____) | |

I, Ronald Tyler, state as follows:

1. I am the attorney of record for Jaime Salcedo Mendoza.

2. I submit this declaration to authenticate documents that I received in discovery, as well as for the Court's convenience, so all supporting documentation is submitted together in a single document.

3. Attached hereto as Exhibit A is a true and correct copy of a letter received on July 24, 2008 from Assistant United States Attorney Tarek Helou.

4. Attached hereto as Exhibit B is a true and correct copy of Excerpts of the Defendant's May 6, 2003 Sentencing Memorandum, provided in discovery.

5. Attached hereto as Exhibit C is a true and correct copy of Excerpts of the Government's

CR 08-0399 PJH; DEC. of RONALD TYLER            1

1  May 9, 2003 Opposition, provided in discovery.

2  I declare under penalty of perjury that the foregoing is true and correct to the best of my

3  knowledge.

4  Signed and dated on the 11th day of August 2008 in San Francisco, California.

*Ronald Tyler*
Ronald Tyler
Assistant Federal Public Defender

<u>Exhibit A</u>



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

11th Floor, Federal Building                                    (415) 436-7200
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495                            FAX:(415) 436-7234

July 24, 2008

BY HAND-DELIVERY

Ronald Tyler
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th Floor
San Francisco, California 94102

**Received**

JUL 24 2008

Federal Public Defender
San Francisco

Re:     United States v. Jaime Salcedo-Mendoza
        Case No. CR-08-399 PJH

Dear Mr. Tyler:

     Pursuant to your June 10, 2008 request for discovery, enclosed are copies of the following:

(1) A copy of pretrial criminal minutes from the defendant's February 21, 2003 change of plea in his previous § 1326 case, *United States v. Jaime Salcedo-Mendoza*, Case No. CR 02-40135 SBA. (Bates No. USA-326);

(2) A copy of the defendant's February 21, 2003 Application for Permission to Enter Plea of Guilty and Order Accepting Plea in his previous § 1326 case, *United States v. Jaime Salcedo-Mendoza*, Case No. CR 02-40135 SBA. (Bates No. US0327 – USA-334);

(3) A copy of the defendant's February 21, 2003 Plea Agreement in his previous § 1326 case, *United States v. Jaime Salcedo-Mendoza*, Case No. CR 02-40135 SBA. (Bates No. US0335 – USA-340);

(4) A copy of the defendant's May 6, 2003 Sentencing Memorandum and Motion for Downward Departure in his previous § 1326 case, *United States v. Jaime Salcedo-Mendoza*, Case No. CR 02-40135 SBA. (Bates No. US0341 – USA-348); and

(5) A copy of the United States' May 9, Opposition to the Defendant's Motion for Downward Departure in the defendant's previous § 1326 case, *United States v. Jaime Salcedo-Mendoza*, Case No. CR 02-40135 SBA. (Bates No. US0349 – USA-353).

The government will make available for your inspection any item of evidence referred to in the enclosed reports and documents, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief. Please contact me to arrange a mutually convenient time for your inspection of such items.

The enclosed materials and any future discovery provided to you which may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law is provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

Notice Re: FRE 404(b), 608, 609

The government also hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence.

Request for Reciprocal Discovery

With this letter the government requests all reciprocal discovery to which it is entitled under Federal Rules of Criminal Procedure 16(b) and (c) and 26.2, including, but not limited to, the following:

1. Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in his case-in-chief at trial.

2. Inspection and/or copies of the results of any reports of physical or mental examinations and of scientific tests or experiments made in connection with the above-entitled case within the possession or control of the defendant which the defendant intends to introduce as evidence in his case-in-chief at trial or which have been prepared by a witness whom the defendant intends to call at trial.

3. Inspection and/or copies of all statements made by all witnesses whom the defendant intends to call at trial.

Request for Notice of Defenses

The Government also requests notice of any intention of your client to rely on an entrapment defense or a defense involving mental condition or duress, and/or an alibi defense.

Plea Negotiations

    I would also like to take this opportunity to state the United States Attorney's position regarding plea negotiations, if any, in this matter. I do not have the authority to make any binding plea offer in this matter. If you wish to discuss a disposition of this matter, please be advised that all discussions are about a tentative disposition only and will not be final unless and until the final disposition is approved by the United States Attorney or an appropriate designee. Please do not assume that I have received such approval based on discussions between us or the exchange of draft plea agreements. I will advise you in writing if and when our plea negotiations have resulted in a plea agreement approved by the United States Attorney or an appropriate designee.

    Please contact me if you have any questions concerning the foregoing.

    Very truly yours,

    JOSEPH P. RUSSONIELLO
    United States Attorney

    TAREK J. HELOU
    Assistant United States Attorney

Encl: USA-325 – USA-353

<u>Exhibit B</u>

TODD L. BEQUETTE (No. 160389)
39275 State Street
Fremont, CA 94538
(510) 742-9292

Attorney for Defendant
JAIME SALCEDO MENDOZA

FILED
2003 MAY -6 AM 9:10
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAIME SALCEDO MENDOZA

    Defendant.

No. CR 02-40135-SBA

DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

## INTRODUCTION

Defendant Jaime Salcedo-Mendoza was named in a one-count Indictment filed on July 11, 2002, charging him with unlawful reentry into the United States following deportation. On February 21, 2003, Mr. Salcedo-Mendoza entered a plea of guilty to that charge. Sentencing is scheduled for May 13, 2003 at 9:00 a.m.

Mr. Salcedo Mendoza received the Presentence Report prepared by the United States Probation Officer Karey Knowles. The Report finds that Mr. Salcedo-Mendoza's criminal history category is IV and the Total Offense Level is 13. The resulting Sentencing Guideline Range is 24 to 30 months. The Probation Office recommends the low-end sentence of 24 months. Mr. Salcedo-Mendoza has no objection to the facts stated in the Presentence Report or the Guideline calculation it contains.

Mr. Salcedo-Mendoza respectfully requests that the Court downward depart from the Sentencing

1

Guidelines based on the Guidelines' overstatement of his criminal history, his stipulation to deportation, and the mitigating cause for his return to the United States.

### STATEMENT OF FACTS[1]

Defendant Jaime Salcedo-Mendoza was born on December 18, 1977, in Tijuana, Mexico. He was the only child born to Jesus Barabiz and Ramona Mendoza-Sanchez. Defendant's father was an alcoholic and physically abusive. When Jaime was very young, his mother moved to the city to find work, and left him to be raised by his grandmother. His grandmother imposed a punitive approach to child care which included beating him with sticks and making Jaime hold rocks while kneeling on the hard floor.

While still in Mexico in 1992, Mr. Salcedo-Mendoza became addicted to both drugs and alcohol. He moved to the United States in 1992, and met Dora Silva, with whom he would eventually have a child, Louis Enrique, who is now five years old. Throughout the 1990's, the defendant suffered several drug-related convictions, which are documented in the Presentence Report. While battling his drug addiction, for which he is yet to receive treatment, defendant made it a point to work hard to support his wife and child. He is proud of the fact that during virtually all of his time spent in the United States, he remained gainfully employed.

Mr. Salcedo-Mendoza committed the present offense in April of 2003, re-entering the country to once again seek employment and be re-united with his family. After re-entering the country, he was prosecuted for a drug related felony (Accessory), before being transferred to federal custody.

Ultimately, his drug addiction cost him his family. He recently separated from his wife, and is

---

[1] All of the facts herein are taken from the Presentence Report.

2

USA-342

1 resigned to the fact that he will never see his son again.

## ARGUMENT

I. MR. SALCEDO-MENDOZA IS ENTITLED TO A DOWNWARD DEPARTURE BASED ON THE EXTRAORDINARY CIRCUMSTANCES OF THIS CASE

A.  <u>Mr. Salcedo-Mendoza's Criminal History Category Calculation Overstates The Likelihood of Recidivism and Future Criminal Behavior</u>

The Sentencing Guidelines provide that "there may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that a defendant will commit further crimes." USSG section 4A1.3 (e) p.s. In such cases, the court may downward depart.

Mr. Salcedo-Mendoza's criminal history calculation is an oddity that makes this such a case. Pursuant to USSG section 4A1.1(d), two points are to added to defendant's criminal history computation if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. As the presentence report points out, defendant was sentenced to three years probation on May 6, 2002, having been convicted of a felony drug-related case in Alameda County. However, since defendant had already committed the present offense (by re-entering the United States) before being placed on probation for this felony offense, this two-point addition to Mr. Salcedo-Mendoza's criminal history calculation is inappropriate with regard to this grant of felony probation..

Technically, of course, the two-point calculation does, in fact, apply to Mr. Salcedo-Mendoza because he was placed probation for three years in Alameda County on October 28, 2001. That probation is due to expire in October of 2004, and therefore the defendant did commit the instant offense

3

USA-343

of re-entry while on that probation. However, the application of the 2002 probation in the Presentence Report (as opposed to the application of the 2001 probation) results in an overstatement of defendant's criminal history. Whereas the Presentence Report would have the Court impose two points based on a grant of felony probation, the probation that is technically applicable was imposed after defendant admitted a misdemeanor violations for Battery on a Peace Officer and Resisting Arrest. Thus, while technically applicable, the two-point addition to Mr. Salcedo-Mendoza's criminal history calculation based on a grant of probation in 2001 on a relatively minor misdemeanor case seems an unjust result.

The Presentence Report also correctly adds one point to Mr. Salcedo-Mendoza's criminal history computation for his most recent conviction, the same drug-related felony in Alameda County. Again, however, although technically an appropriate calculation, the timing of the offense skews the defendant's criminal history. According to the Presentence Report, the offense was committed on April 21, 2002. Again, since, by definition, this offense was committed after defendant committed the instant offense of re-entering the country, the resulting one-point calculation seems unfair. If, for example, the government had been lucky enough to have arrested defendant immediately upon his re-entry into the United States, his criminal history category would have reduced by one point.

Thus, Mr. Salcedo-Mendoza's criminal history calculation is overstated by the peculiarities of his prior arrest record and the timing of his arrest in the instant case. Were it not for the two-point addition applied because Mr. Salcedo-Mendoza was on probation for a misdemeanor and the fact that he was arrested for the instant offense after, and not before, being prosecuted in state court, rather than his current category IV status, five criminal history points would have resulted in a Category III disposition.

4

Exhibit C

1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   CHARLES B. BURCH (CSBN 79002)
3  Chief, Criminal Division

4  STEPHEN G. CORRIGAN (MASBN 100560)
   Assistant United States Attorney
5
   1301 Clay Street, Suite 340-S
6  Oakland, CA 94612
   Telephone: (510) 637-3701
7  Fax: (510) 637-3724

8  Attorneys for Plaintiff

9

                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                          OAKLAND DIVISION
12

13
   UNITED STATES OF AMERICA,        )   No.   CR-02-40135-SBA
14                                  )
           Plaintiff,               )   UNITED STATES' OPPOSITION TO
15                                  )   DEFENDANT'S MOTION FOR
      v.                            )   DOWNWARD DEPARTURE
16                                  )
   JAIME SALCEDO-MENDOZA,           )   Date: May 14, 2003
17                                  )   Time: 9:00 a.m.
           Defendant.               )
18

19
         Defendant Jaime Salcedo-Mendoza moves for a downward departure from his
20
   applicable guideline range of 24 to 30 months imprisonment, claiming entitlement due to
21
   an overstatement of his criminal history, his agreement to be deported, and mitigating
22
   circumstances related to the violation. The government opposes the motion.
23
                                    BACKGROUND
24
         Pursuant to terms encompassed in a written plea agreement, the defendant has pled
25
   guilty to the illegal reentry following deportation, a violation of 8 U.S.C. § 1326. The
26
   plea agreement includes the following language: "I agree that the Sentencing Guidelines
27
   should be calculated as follows, and that I will not ask for any other adjustments to or
28

OPPO RE DOWNWARD DEPARTURE
CR-02-40135-SBA                     1

1  reductions of the offense level [13]." Plea Agreement at ¶ 7.
2      The Presentence Report (PSR) concurs with the parties" agreement that the
3  applicable guideline range is 13. Plea Agreement at 7.f.; PSR at ¶13. The defendant has
4  accrued eight criminal history points (PSR at ¶28), which places him in Category IV (7, 8,
5  or 9 points). U.S.S.G. Chapter 5, Part A. The eight criminal history points include six
6  points for several convictions and two additional points under U.S.S.G. § 4A1.1(d) for
7  having been on probation at the time he committed the instant offense. PSR at ¶28.
8      As reported in the PSR, the defendant was born in Mexico. PSR at ¶33. Following
9  his third felony drug conviction, he was deported from the United States on February 12,
10 1999. PSR at ¶¶5, 23-25.
11     Since his return to the United States, the defendant has suffered two misdemeanor
12 convictions, one for battery or a peace office and one for resisting the arrest of a peace
13 officer, for which he was sentenced to three years probation and thirty days of jail. PSR
14 at ¶26. The defendant has also, since his return, suffered a felony accessory conviction
15 for which he was sentenced to five years probation and twenty-four days in jail. PSR at
16 ¶27.
17     The defendant has been detained in federal custody on the instant offense since
18 April 22, 2002. PSR at page 1.

## DISCUSSION

### The Defendant Has Failed To Show A Downward Departure Is Authorized or Warranted

A. The Plea Agreement Precludes such a Motion

By virtue of the limiting language in the plea agreement, " that I will not ask for any other adjustments to or reduction of the offense level," the defendant is precluded from seeking a sentence below the adjusted offense level, just as the government is precluded from seeking a sentence above the adjusted offense level. Hence, the Defendant's motion for a downward departure should be denied without consideration of the merits.