BARRY J. PORTMAN
Federal Public Defender
RONALD TYLER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
(415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0399 PJH |
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY |
| v. | Pretrial Conference: August 27, 2008 |
| JAIME SALCEDO MENDOZA, | |
| Defendant. | |

## INTRODUCTION

The government has not complied with any of the mandatory requirements of notice and discovery under Federal Rule of Criminal Procedure 16 regarding expert witnesses. Nor has the government met the requirements for admission of expert witness testimony under Federal Rule of Evidence 702. On the current record, all government expert witnesses should be excluded.

## DISCUSSION

**I.     The Government Has Not Complied With Notice Requirements**

Rule 16 of the Federal Rules of Criminal Procedure requires the government to disclose "a written summary of the [expert] testimony that the government intends to use." Fed. R. Crim. P. 16(a)(1)(E). This written summary must "describe the witnesses' opinions, the bases and

reasons for those opinions, and the witnesses' qualifications." *Id.*

The government has not complied with the notice and disclosure requirements of Federal Rule of Criminal Procedure 16 for any expert witness. The remedies for failure to comply with these requirements include an order compelling disclosure and granting a reasonable continuance, or an order prohibiting the party from introducing the evidence. *See* Fed. R. Crim. P. 16(d)(2). Here, since Mr. Salcedo Mendoza objects to any continuance of the trial date, the Court should exclude all expert witnesses.

## II. The Court Should Exercise Its Gatekeeping Role Under *Daubert*

Trial courts have an important gatekeeping role with respect to expert opinion testimony under Federal Rule of Evidence 702. Apart from its notice and disclosure obligations under Rule 16, the government must meet its burden for admission of expert testimony under Rule 702. If it fails to do so, the Court should exclude the testimony.

Under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), this Court must ensure that proffered expert testimony "is not only relevant, but reliable." *Id.* at 589. Factors that the Court should consider include (1) whether a theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate of the theory or technique; and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community. *See id.* at 592-94.

The Ninth Circuit has recognized that the *Daubert* factors were not intended to be exhaustive nor to apply in every case. *See*, *e.g.*, *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Nevertheless, a district court must make the following determinations before admitting expert testimony: (1) whether the opinion is based on scientific, technical or other specialized knowledge; (2) whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue; (3) whether the expert has appropriate qualifications, *i.e.*, some specialized knowledge, skill, experience, training or education in the relevant subject matter; (4) whether the testimony is relevant and reliable; (5) whether the

1  methodology or technique the expert uses fits the conclusions; and (6) whether the probative
2  value of the testimony is substantially outweighed by the risk of unfair prejudice, confusion of
3  the issues, or undue consumption of time. *See id.* Unless the Court resolves each of these issues
4  in the government's favor, any proffered expert testimony is inadmissible.

## CONCLUSION

6      For the foregoing reasons, Mr. Salcedo Mendoza respectfully requests that the Court
7  exclude any expert witnesses proffered by the government.

8  Dated: August 13, 2008

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender

        /S/

        RONALD TYLER
        Assistant Federal Public Defender