BARRY J. PORTMAN
Federal Public Defender
RONALD TYLER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0399 PJH |
| ) | |
| Plaintiff, ) | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTIONS UNDER RULE 609 |
| v. ) | |
| ) | |
| JAIME SALCEDO MENDOZA, ) | Pretrial Conference: August 27, 2008 |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

Defendant Jaime Salcedo Mendoza respectfully moves the Court to exclude from trial all evidence relating to his prior convictions should he elect to testify. For the reasons set forth herein, such evidence is inadmissible under Federal Rules of Evidence 609 and 403.

## DISCUSSION

**I.    Mr. Salcedo Mendoza's Prior Convictions Are Inadmissible Under Both Prongs of Federal Rule of Evidence 609**

According to discovery provided by the government, Mr. Salcedo Mendoza has five prior felony convictions. The first three, each for possession of a narcotic controlled substance, were sustained in October and December 1997 and June 1998. The fourth, accessory, was sustained in

1  May 2002.  The fifth, illegal re-entry after deportation, was sustained in May 2003.  In addition,

2  Mr. Salcedo Mendoza has twice been convicted of misdemeanors: battery on a peace officer and

3  obstructing a public officer, both of which were sustained together in November 2001.

4        The admissibility of a testifying defendant's prior convictions is governed by Federal

5  Rule of Evidence 609.  In relevant part, Rule 609(a) provides as follows:

6      For the purpose of attacking the character for truthfulness of a witness,

7      (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in
8      excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court
9      determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

10

11      (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the
12      witness.

13  Fed. R. Evid. 609(a).

14        Pursuant to Rule 609(b), evidence of a conviction under this rule is inadmissible if more

15  than ten years have elapsed since the witness's conviction or release from imprisonment, unless

16  the proponent gives advance written notice and the Court makes an express finding that "the

17  probative value of the conviction supported by specific facts and circumstances substantially

18  outweighs its prejudicial effect."  Fed. R. Evid. 609(b).

19        As an initial matter, because Mr. Salcedo Mendoza's convictions for possession of

20  controlled substances are each more than ten years old and the government has not given notice

21  of its intention to use them, they are not admissible at trial should he elect to testify.

22        Rule 609 embodies greater protections against prejudice for criminal defendants than for

23  other witnesses.  Specifically, when the government seeks to introduce a prior conviction against

24  the defendant, Rule 609 reverses the balancing of probative value and prejudicial effect that

25  courts customarily undertake under Rule 403.  Whereas Rule 403 encourages admission of

26  evidence unless its probative value is substantially outweighed by the danger of prejudice, Rule

CR 08-0399 PJH; DEF.'S MOT. IN LIMINE TO
EXCLUDE PRIORS UNDER FRE 609        2

609 permits prior convictions to be admitted only when their probative value outweighs their prejudicial effect. The Ninth Circuit has elevated this hurdle to still greater heights, stating that the "government bears the burden of showing that the evidence's probative value *substantially* outweighs its prejudicial effect." *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987) (emphasis added); *see also United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

### A. The Probative Value of Mr. Salcedo Mendoza's Recent Prior Convictions Does Not Outweigh the Substantial Prejudicial Effect under 609(a)(1)

The first prong of Federal Rule of Evidence 609 bars admission of evidence that an accused has been convicted of a crime unless the court determines that the probative value of admitting this evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1). In *United States v. Alexander*, 48 F.3d 1477 (9th Cir. 1995), the Ninth Circuit reiterated the balancing test to be used when a district court is confronted with Rule 609 evidence:

> In *United States v. Cook*, . . . we outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1): (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect.*

*Alexander*, 48 F.3d at 1488 (internal citations omitted) (emphasis added); *see also United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (reiterating the factors in the *Cook* balancing test).[1]

The government has not met its burden in this case. First, Mr. Salcedo Mendoza's prior convictions have little or no impeachment value because they do not relate to his truthfulness. As such, unless Mr. Salcedo Mendoza were to deny the very existence of his criminal history, evidence of his prior convictions would have no acceptable impeachment value. Under these

---

[1] In 2006, Rule 609(a) was amended to read, "For the purpose of attacking the character for truthfulness" of a witness, rather than the "credibility" of a witness. This change makes clear that the rule's concern is with attacks on the witness's truthful character.

1  circumstances, the Ninth Circuit has advised that courts should exclude the prior conviction(s),
2  "with a warning to the defendant that any misrepresentation of his background on the stand will
3  lead to admission of the conviction for impeachment purposes." *United States v. Cook*, 608 F.2d
4  1175, 1187 (9th Cir. 1979).

5      Second, the similarity of a prior conviction to the offense for which the defendant is on
6  trial weighs heavily against admissibility under Rule 609. *See United States v. Bagley*, 772 F.2d
7  482, 488 (9th Cir. 1985). As the Fourth Circuit has explained,

> [a]dmission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

12 *United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992) (internal quotes and citation
13 omitted); *accord Bagley*, 772 F.2d at 488. Here, Mr. Salcedo Mendoza's prior conviction for re-
14 entry after deportation is essentially identical to the charged crime. Notwithstanding a limiting
15 instruction, a jury would almost surely infer from the fact of Mr. Salcedo Mendoza's prior re-
16 entry after deportation conviction that he more likely committed the charged offense. *See* Fed. R.
17 Evid. 609 Advisory Comm. Notes (1990 Amendments) (noting possibility that prior convictions
18 "will be misused by a jury as propensity evidence despite their introduction solely for
19 impeachment purposes"). As such, this factor counsels strongly against admission.

20     Finally, Mr. Salcedo Mendoza's testimony is not especially important to the
21 government's case-in-chief. The government need only prove that Mr. Salcedo Mendoza
22 reentered the country without permission. Given the very real potential for prejudice, the balance
23 under Rule 609 tips decisively against admission of Mr. Salcedo Mendoza's prior convictions.
24 //
25 //
26 //

**B.    Mr.Salcedo Mendoza's Prior Convictions Are Inadmissible Under Rule 609(a)(2) Because They Do Not Involve Acts of Dishonesty or False Statements**

Mr. Salcedo Mendoza's prior convictions are also inadmissible under the second prong of Rule 609 because it cannot be "readily . . . determined that establishing the elements of the crime[s] required proof or admission of an act of dishonesty or false statement" by Mr. Salcedo Mendoza. Fed. R. Evid. 609(a)(2). In *United States v. Ortega*, 561 F.2d 803 (9th Cir. 1977), the Ninth Circuit adopted a narrow reading of Rule 609(a)(2), limiting its application to "those crimes that involve some element of misrepresentation or other indicium of a propensity to lie." *Id.* at 806. The court expressly excluded "those crimes which, bad though they are, do not carry with them a tinge of falsification." *Id.*; *see also United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (limiting Rule 609(a)(2) to convictions "that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes)").

Mr. Salcedo Mendoza's prior convictions do not involve elements of deceit, untruthfulness, or falsification bearing upon his propensity to testify truthfully. *See United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) ("Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2)."). Accordingly, none of the convictions is admissible under Rule 609(a)(2).

//
//
//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, Mr. Salcedo Mendoza respectfully moves the Court to exclude all evidence of his prior convictions under Rule 609 should he choose to testify at trial.

Dated: August 13, 2008

                                          Respectfully submitted,

                                        BARRY J. PORTMAN
                                        Federal Public Defender

                                        /S/

                                        RONALD TYLER
                                        Assistant Federal Public Defender