BARRY J. PORTMAN
Federal Public Defender
RONALD TYLER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0399 PJH |
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EVIDENCE |
| v. | Pretrial Conference: August 27, 2008 |
| JAIME SALCEDO MENDOZA | |
| Defendant. | |

## INTRODUCTION

Defendant Jaime Salcedo Mendoza is entitled to discovery of documents and objects within the government's possession, custody, or control. This Court imposed a deadline for the filing of motions in limine in this matter: ten court days before the pretrial conference, to wit, August 13, 2008. *See* Order for Criminal Pretrial Preparation (Docket # 15). The Court should exclude from trial all such documents and objects that were not disclosed by the government prior to that date.

## DISCUSSION

Federal Rule of Criminal Procedure 16 provides for the discovery and inspection by the defense of certain documents and objects:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i)    the item is material to preparing the defense;

    (ii)    the government intends to use the item in its case-in-chief at trial; or

    (iii)    the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Rule 16 provides several possible remedies for a violation of the discovery requirements:

If a party fails to comply with this rule, the court may:

    (A)    order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

    (B)    grant a continuance;

    (C)    prohibit that party from introducing the undisclosed evidence; or

    (D)    enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

Here, the remedy of compelled discovery under Rule 16(d)(2)(A) would not be sufficient due to the very short time between the pretrial conference and the trial date, unless the Court were to order a continuance in the trial date pursuant to Rule 16(d)(2)(B). However, Mr. Salcedo Mendoza objects to any delay in the trial date. Accordingly, the Court should prohibit the government from introducing at trial any evidence that was not disclosed prior to the deadline for filing motions in limine contained in the Court's order for pretrial preparation.

//

//

//

**CONCLUSION**

For the reasons stated, the Court should exclude from trial all evidence that was not disclosed before August 13, 2008.

Dated: August 13, 2008.

                        Respectfully submitted,

                        BARRY J. PORTMAN
                        Federal Public Defender

                        /S/

                        RONALD TYLER
                        Assistant Federal Public Defender