BARRY J. PORTMAN
Federal Public Defender
RONALD TYLER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
(415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0399 PJH |
| ) | |
| Plaintiff, ) | DEFENDANT'S MOTION IN LIMINE TO |
| ) | SEQUESTER WITNESSES |
| v. ) | |
| ) | Pretrial Conference: August 27, 2008 |
| JAIME SALCEDO MENDOZA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

Defendant Jaime Salcedo Mendoza is set for trial beginning September 8, 2008. Pursuant to Federal Rule of Evidence 615 and this Court's inherent power, Mr. Salcedo Mendoza hereby moves the Court to: (1) exclude all government witnesses not exempt under Federal Rule of Evidence 615 from the courtroom during witness testimony, evidentiary hearings, opening statements and closing arguments; and (2) admonish all witnesses not to discuss the case or what their testimony has been or would be or what occurs in the courtroom with anyone other than counsel for either side during the course of trial.

///

///

CR 08-0399 PJH; DEF.'S MOT. FOR
SEQUESTRATION                                    1

1 **DISCUSSION**

2 **I.    Mr. Salcedo Mendoza Is Entitled to Exclusion of Government Witnesses**

3       Federal Rule of Evidence 615 provides that "[a]t the request of a party the court shall
4 order witnesses excluded so that they cannot hear the testimony of other witnesses." Rule 615 is
5 intended to ensure a fair trial by preventing collusion of witnesses and fabrication of testimony,
6 and by helping reveal instances where such fabrication or collusion actually occurs. *See Geders*
7 *v. United States*, 425 U.S. 80, 87 (1976) (observing that the rule "exercises a restraint of
8 witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony
9 that is less than candid"); *see also Taylor v. United States*, 388 F.2d 786, 788 (9th Cir. 1967)
10 (stating that exclusion is designed to "prevent the shaping of testimony by hearing what other
11 witnesses say").

12      Rule 615 makes the exclusion of witnesses mandatory upon request. In fact, the Ninth
13 Circuit has referred to witness exclusion as a "right." *See United States v. Ell*, 718 F.2d 291, 292
14 (9th Cir. 1983) ("The rule makes the exclusion of witnesses a matter of right and the decision is
15 no longer committed to the court's discretion as it once was." (citing Fed. R. Evid. 615 Advisory
16 Committee's note)); *United States v. Brewer*, 947 F.2d 404, 407-11 (9th Cir. 1991) ("The use of
17 the word 'shall' makes it clear that a district court must comply with a request for exclusion.").
18 Thus, the Court should grant Mr. Salcedo Mendoza's request for exclusion of government
19 witnesses.

20 **II.   Witnesses Should be Excluded During Motion Hearings, Opening Statements, and Closing Arguments, As Well As During Witness Testimony**
21
22      Rule 615 requires that non-exempt witnesses be excluded from the courtroom during all
23 witness testimony; that is, that they should remain excluded even after testifying. *See* Fed. R.
24 Evid. 615; *see also Ell*, 718 F.2d at 293 (holding that trial court erred by not excluding
25 prosecution witness who had already testified, and noting that the dangers against which Rule
26 615 is designed to protect are present when witnesses are only partially excluded since "a rebuttal

witness who has already testified . . . may wish to tailor rebuttal testimony [and]. . . cover up inconsistencies in earlier testimony").

There is also substantial authority stating that under Rule 615, or through an exercise of a court's inherent powers, it is proper to extend the period of exclusion in order to promote a fair trial. *See United States v. Sepulveda*, 15 F.3d 1161, 1175-77 (1st Cir. 1993) (holding that in addition to the power to exclude under Rule 615 a district court retains inherent power to, "make whatever provisions it deems necessary to manage trials, . . . including the sequestration of witnesses *before, during and after* their testimony" (*citing Geders*, 425 U.S. at 87)) (emphasis added); *Brewer*, 947 F.2d at 407-11 (holding that witness exclusion under Rule 615 applies during evidentiary hearings, such as those in a motion to suppress); *United States v. Juarez*, 573 F.2d 267, 281 (5th Cir. 1978) (affirming trial court's decision to exclude defendant's witnesses from closing arguments "[b]ecause closing arguments of counsel often restate witness testimony, . . . thus jeopardizing the fairness of a second trial should one be necessary"); *see also* 4 *Weinstein's Federal Evidence* § 615.02[2][a] (Matthew Bender 2d ed. 2000) ("The customary practice is to exercise discretion to exclude prospective witnesses during openings and any arguments or offers of proof when a witness's testimony may be summarized.").

Because the truthfulness of witness testimony and the ability to detect fabricated testimony is best achieved through a comprehensive exclusion order, this Court should extend the scope of its order to cover opening and closing arguments, as well as hearings for pretrial motions.

### III. Only Witnesses Specifically Exempted Under Rule 615 Should Be Permitted to Remain in the Courtroom

Pursuant to Rule 615, only four categories of witnesses are not subject to the full scope of a court's exclusion order. *See* Fed. R. Evid. 615 (1)-(4) (exempting: (1) a party who is a natural person; (2) a designated representative of a party who is not a natural person; (3) persons essential to the presentation of a party's case; and (4) persons authorized by statute to be

present).  Each government witness must be excluded unless the government demonstrates that the witness falls within one of the designated exceptions.  *See United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995) (noting that Rule 615 carries a strong presumption in favor of exclusion and that the party opposing exclusion "has the burden of demonstrating why the pertinent Rule 615 exception applies").  The Court should order that only witnesses specifically exempted under Rule 615 should be permitted to remain in the courtroom.

### A.  No more than one "case agent" should be designated as the government's representative under Rule 615(2)

A federal agent, or a local law enforcement officer working with federal agents, qualifies for exemption from an exclusion order under Rule 615(2).  *See* Fed. R. Evid. 615(2); *see also United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (trial court did not err in allowing FBI agent who also testified to sit at counsel table throughout trial, since agent qualified as officer representing the government).  The plain language of Federal Rule of Evidence 615(2), however, as well as the notes of the Advisory Committee, indicate that only one agent can be exempted under this provision.

The rule speaks of an officer or employee of a party who is not a natural person being designated as "its representative."  Fed. R. Evid. 615(2).  The drafters chose the singular, rather than the plural, not speaking of an entity's right to designate "its representatives."  As the Sixth Circuit has observed, "'[a]' representative, like 'a' natural person, . . . and 'an' officer or employee, is singular. . . we can discern no reason to convert the singular into the plural."  *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991).

The majority of Circuit Courts that have addressed the issue of multiple witness-representatives have concluded that only one agent, officer or employee should be designated under Rule 615(2).  *See id.*; *United States v. Farnham*, 791 F.2d 331, 334-35 (4th Cir. 1986) (holding that trial court's decision to allow two government agent-witnesses to remain in courtroom throughout trial was error); *see also United States v. Causey*, 609 F.2d 777, 777-78

CR 08-0399 PJH; DEF.'S MOT. FOR
SEQUESTRATION                                   4

(5th Cir. 1980) (not reaching the issue, but stating in dicta, "from its language it would reasonably be argued that [Rule 615(2)] does not grant counsel for a party the right to designate more than one representative."); *Oliver B. Cannon and Son v. Fidelity and Cas. Co.*, 519 F. Supp 668, 679 (D. Del. 1981) (exception codified in Rule 615(2) held to be singular, thus plaintiff was unable to appoint more than one person as representative).

Accordingly, the Court should permit no more than one "case agent" to be designated as the government's representative under Rule 615(2).

### B. Witnesses deemed "essential" under Rule 615(3) should only be permitted to remain in the courtroom insofar as their presence is required

Rule 615(3) permits a person, such as an expert witness, "whose presence is shown by a party to be essential to the presentation of the party's cause," to remain in court despite the issuance of an exclusion order. Fed. R. Evid. 615(3). The government, however, bears the burden of showing that a witness "has such specialized expertise or intimate knowledge of the facts of the case that a party's attorney could not effectively function without the presence and aid of the witness or that the witness would be unable to present essential testimony without hearing the trial testimony of other witnesses." *Oliver B. Cannon*, 519 F. Supp. at 678; *see also United States v. Agnes*, 753 F.2d 293, 306 (3d Cir. 1985) (exclusion of witness proper where defendant seeking exemption under Rule 615(3) failed to sustain burden of proof articulated in *Oliver B. Cannon*).

It is within the sound discretion of the district court to determine whether a witness qualifies as "essential." *See id.* However, the district court should only permit witnesses qualifying under Rule 615(3) to remain in court insofar as their presence is required; that is, essential witnesses should only be granted a limited exception from the court's exclusion order. *See, e.g., United States v. Phillips*, 515 F. Supp 758, 761 (E.D. Ky. 1981) (psychiatric expert essential to preparation of prosecutor's cross-examination of defense expert granted limited exemption from exclusion order; witness permitted to remain in court only to assist prosecutor

during testimony of defense expert). Therefore, any government witness deemed by the Court to be essential should be permitted to remain in the courtroom only during the presentation of evidence related to his or her area of expertise.

### IV. Witnesses Should Be Directed Not to Read Trial Transcripts or Discuss the Case or Their Testimony With Anyone Other than Counsel

Rule 615 does not provide clear guidance as to what instructions should be given to excluded witnesses. Numerous courts, however, have acknowledged that in order to achieve the purposes of Rule 615, the district court must direct excluded witnesses not to discuss the case or their testimony with anyone other than counsel. The Tenth Circuit has gone so far as to say that failure to instruct the witnesses about the scope and importance of an exclusion order may warrant reversal on appeal. *See United States v. Buchanan*, 787 F.2d 477, 484-485 (10th Cir. 1986) ("The witnesses should be clearly directed, when the Rule is invoked, that they must all leave the courtroom (with the exceptions the Rule permits), and that they are not to discuss the case or what their testimony has been or would be or what occurs in the courtroom with anyone other than counsel for either side."); *see also Perry v. Leeke*, 488 U.S. 272, 279 (1989) ("It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed."); *United States v. Walker*, 613 F.2d 1349, 1354 (5th Cir. 1980) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.").

The First Circuit has made it clear that parties seeking safeguards against witness corruption or collaboration should make express requests regarding the scope of the exclusion order. *See Sepulveda*, 15 F.3d at 1177. Significantly, the Court in *Sepulveda* observed that district courts should usually grant such requests when they involve restraints on communication between witnesses. *See id.* at 1176 ("[D]istrict courts routinely exercise their discretion to augment Rule 615 by instructing witnesses . . . that they are not to discuss their testimony. Indeed, such non-discussion orders are generally thought to be a standard concomitant of basic

CR 08-0399 PJH; DEF.'S MOT. FOR
SEQUESTRATION                                    6

1 sequestration fare, serving to fortify the protections offered by Rule 615.")

2     Following the same rationale, several Circuits have held that reading of trial transcripts
3 also violates the purpose of Rule 615. *See Miller v. Universal City Studios, Inc.*, 650 F.2d 1365,
4 1373 (5th Cir. 1981) ("The opportunity to shape testimony is as great with a witness who reads
5 trial testimony as with one who hears the testimony in open court. The harm may be even more
6 pronounced . . . , because the [witness] need not rely on his memory of the testimony but can
7 thoroughly review and study the transcript in formulating his own testimony."); *see also United*
8 *States v. Rhynes*, 206 F.3d 349, 370 (4th Cir. 1999) (stating that trial judges should be "alert to
9 the myriad ways in which individuals may attempt to circumvent sequestration orders").

10     Finally, witnesses who fall under one of the Rule 615 exceptions should also be directed
11 not to speak with anyone other than counsel about the case. *See United States v. Butera*, 677
12 F.2d 1376, 1380-81 (11th Cir. 1982) (holding that an undercover agent designated as
13 government's representative, and therefore exempt under Rule 615(2), was nevertheless properly
14 directed not to discuss the case with other witnesses).

15     Thus, the Court should order that government witnesses not read trial transcripts or
16 discuss the case or their testimony with anyone other than government counsel.

17 **CONCLUSION**

18     For the foregoing reasons, Mr. Salcedo Mendoza respectfully moves the Court to enter an
19 order directing that government witnesses be (1) excluded from the courtroom unless they are
20 testifying, (2) sequestered from one another, and (3) prohibited from reading trial transcripts or
21 discussing their testimony with anyone other than counsel. Additionally, the Court should limit
22 ///
23 ///
24 ///
25 ///
26 ///

CR 08-0399 PJH; DEF.'S MOT. FOR
SEQUESTRATION                      7

1  ///

2  the government to one case agent and permit "essential" government witnesses to remain in court

3  only when their presence is required.

4  Dated: August 13, 2008

5                                        Respectfully submitted,

6                                        BARRY J. PORTMAN
                                      Federal Public Defender

7

                                              /S/

8

                                      RONALD TYLER
9                                        Assistant Federal Public Defender

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CR 08-0399 PJH; DEF.'S MOT. FOR
SEQUESTRATION                                   8