BARRY J. PORTMAN
Federal Public Defender
RONALD TYLER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-0399 PJH |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S PROPOSED JURY INSTRUCTIONS |
| | ) | |
| v. | ) | |
| | ) | Pretrial Conference: August 27, 2008 |
| JAIME SALCEDO MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

In a separate joint memorandum, the parties have identified the jury instructions about which there is no disagreement. Defendant Jaime Salcedo Mendoza respectfully submits this memorandum in support of additional requested instructions.

**DISCUSSION**

**I.    The Court Should Instruct On The Credibility of Law Enforcement Witnesses**

The government will be relying heavily at trial on the testimony of immigration and other law enforcement officers and agents. Because jurors may have a natural tendency to give more credence to a law enforcement witness than another type of witness, Mr. Salcedo Mendoza respectfully proposes an instruction stating that neither greater nor lesser credence should be

1  given to a law enforcement witness. *See* Attachment A (Law Enforcement Credibility). This
2  proposed instruction was given verbatim in *United States v. Mitchell,* 796 F. Supp. 13, 21
3  (D.D.C. 1992). Equivalent instructions have been given in numerous other cases. *See*, *e.g.*,
4  *United States v. Victoria-Peguero,* 920 F.2d 77, 85 (1st Cir. 1990); *United States v. Nash,* 910
5  F.2d 749, 755 (11th Cir. 1990). For these reasons, the Court should instruct the jury regarding
6  the credibility of law enforcement witnesses in this case. A proposed instruction is appended to
7  this memorandum as *Exhibit A*.

8  **II.    The Court Should Instruct on General Intent**

9        The commentary to the Ninth Circuit model instruction regarding the elements of illegal
10 reentry after deportation recognizes that the offense has a *mens rea* of "general intent." Ninth
11 Circuit Model Criminal Jury Instruction § 9.5 (rev. 1/2007) (commentary). Nevertheless, the
12 model instruction does not include any explanation of the requirement for proving general intent.
13 Accordingly, Mr. Salcedo Mendoza respectfully requests an instruction regarding general intent.
14 *See Exhibit B*.

15       The Ninth Circuit has long recognized that a district court is not insulated from a finding
16 of error on appeal merely by strictly following a model jury instruction. *See, e.g., United States*
17 *v. Mendoza,* 11 F.3d 126, 129 n.2 (9th Cir. 1993) ("The fact that the district court used a model
18 jury instruction or a modification thereof does not preclude a finding of error."). Instead, courts
19 must adapt the model instructions to fit the particular case.

20       The Ninth Circuit has held *en banc* that illegal reentry after deportation is a general intent
21 crime. *See United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1190 (9th Cir. 2000) (en banc).
22 The Ninth Circuit has long held that district courts are required to instruct juries on the mental
23 state required for conviction of an offense. *See United States v. Johnson,* 956 F.2d 197, 199-200
24 (9th Cir. 1992); *Martinez v. Borg,* 937 F.2d 422, 423 (9th Cir. 1991).

25       With respect to general intent, the black letter law followed in the Ninth Circuit is that
26 general intent means acting "without justification or legal excuse." *United States v. Doe,* 136

CR 08-0399 PJH; DEF.'S PROPOSED JURY
INSTRUCTIONS                            2

1  F.3d 631, 635 (9th Cir. 1998). Accordingly, the Court should instruct the jury regarding the

2  requirements of the mental-state element of general intent as proposed in *Exhibit B*.

3  **III.     The Court Should Instruct on the Government's Burden to Prove Alienage**

4          To secure a conviction for illegal reentry, the government must prove that the defendant

5  is an alien. *See* 8 U.S.C. § 1326(a). The government cannot establish the alienage element

6  where the only proof of alienage is a deportation order issued in a prior civil deportation

7  proceeding. *See United States v. Ortiz-Lopez*, 24 F.3d 53, 55-56 (9th Cir. 1994) (finding plain

8  error and reversing conviction where government offered five prior deportation orders from civil

9  deportation proceedings to establish alienage). As the Ninth Circuit has explained:

> Clearly it would be improper for the government to rely on factual findings from a deportation hearing to prove an element of the crime of illegal reentry, as the burden of proof in a criminal proceeding requires a greater showing by the government than in an administrative hearing. The use of a deportation order to prove the element of alienage would allow the government to skirt around the more stringent requirements of a criminal proceeding by relying on that factual finding from the INS proceeding.

*United States v. Medina,* 236 F.3d 1028, 1031 (9th Cir. 2001).

         This bar on the use of the results of civil deportation proceedings arises because, at such a proceeding, the government need only prove alienage under a "clear and convincing" standard rather than the greater "beyond a reasonable doubt" standard that applies at a criminal jury trial. *See Ortiz-Lopez*, 24 F.3d at 56 & n.3. To permit the government to rely solely on a deportation order – or an order of reinstatement of deportation – would impermissibly shift the burden of proof on alienage to the defendant and "would eviscerate the element altogether" by compelling a conviction of any person who had been deported. *See id.* at 56. Accordingly, given the lessons of *Ortiz-Lopez*, the jury should be instructed that the government has not met its burden of proof on the alienage element if the government submits only a prior order of deportation – or order of reinstatement of deportation – to prove Mr. Salcedo Mendoza's alienage.

         A proposed jury instruction to this effect is appended to this memorandum as *Exhibit C*.

///

CR 08-0399 PJH; DEF.'S PROPOSED JURY
INSTRUCTIONS                                          3

### IV.  Mr. Salcedo Mendoza Reserves the Right to Submit Additional Proposed Jury Instructions At the Close of Evidence

Rule 30 of the Federal Rules of Criminal Procedure provides that "[a]t the close of evidence or such earlier time as the trial court reasonably directs, any party may file written requests that the court instruct the jury on the law set forth in the requests." Fed. R. Crim. P. 30; *see also Smith v. United States*, 390 F.2d 401, 403 (9th Cir. 1968) ("If an instruction is desired it should be prepared and requested at the conclusion of evidence"). If a request for jury instructions is timely and relates to a legitimate theory of defense, the court must grant the request, or provide a substantially similar instruction. *See United States v. Mendoza*, 473 F.2d 697, 701 (5th Cir. 1973) (requested instruction must "be presented to the Judge in timely fashion"); *United States v. Romero-Avila*, 210 F.3d 1017, 1023 (9th Cir. 2000) ("A defendant is entitled to have the judge instruct the jury on his theory of the defense, provided that it is supported by law and has some foundation in the evidence.").

Because Mr. Salcedo Mendoza cannot predict how the evidence adduced at trial may affect his request for jury instructions, he respectfully reserves the right to submit proposed instructions at the close of the evidence. *See, e.g., People of the Territory of Guam v. Rosario*, 625 F.2d 811, 811-12 (9th Cir. 1979) (per curiam) (trial court erred by failing to grant defendant's request for lesser-included offense instruction made just before jury retired).

///
///
///
///
///
///
///
///

**CONCLUSION**

For the reasons stated, Mr. Salcedo Mendoza respectfully moves the Court to instruct the jury on law enforcement credibility, general intent, and the government's burden to prove alienage. He further reserves the right to submit additional proposed instructions at the close of evidence.

Dated: August 13, 2008

                                          Respectfully submitted,

                                          BARRY J. PORTMAN
                                          Federal Public Defender

                                          /S/

                                          RONALD TYLER
                                          Assistant Federal Public Defender

# EXHIBIT A

DEFENDANT'S PROPOSED JURY INSTRUCTION

**CREDIBILITY OF LAW ENFORCEMENT WITNESSES**

The testimony of a law enforcement official or police officer should be considered by you just as any other evidence in the case, and in evaluating his or her credibility you should use the same guidelines which apply to the testimony of any witness. In no event should you give either greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law enforcement official or police officer.

> Authority: *United States v. Mitchell,* 796 F. Supp. 13, 21 (D.D.C. 1992) (instruction above given verbatim); *see also United States v. Victoria-Peguero,* 920 F.2d 77, 85 (1st Cir. 1990) (equivalent instruction given); *United States v. Nash,* 910 F.2d 749, 755 (11th Cir. 1990) (same).

GIVEN_____

NOT GIVEN_____

GIVEN AS MODIFIED_____

**CREDIBILITY OF LAW ENFORCEMENT WITNESSES**

The testimony of a law enforcement official or police officer should be considered by you just as any other evidence in the case, and in evaluating his or her credibility you should use the same guidelines which apply to the testimony of any witness. In no event should you give either greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law enforcement official or police officer.

...

# EXHIBIT B

DEFENDANT'S PROPOSED JURY INSTRUCTION

**GENERAL INTENT**

For you to find the defendant guilty of the charged offense, the government must prove beyond a reasonable doubt that, in reentering after deportation, the defendant acted without justification or legal excuse.

Authority:  *United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1190 (9th Cir. 2000) (en banc) (reaffirming that illegal reentry is a "general intent" crime); *United States v. Johnson,* 956 F.2d 197, 199-200 (9th Cir. 1992) ("[D]istrict courts should 'define the precise mental state required for a particular offense charged as an element of the offense which must be proved beyond a reasonable doubt.'") (quoting Manual of Model Criminal Jury Instructions for the Ninth Circuit § 5.04 (1989 ed.)); *United States v. Doe,* 136 F.3d 631, 635 (9th Cir. 1998) (general intent means "without justification or legal excuse").

GIVEN_____

NOT GIVEN_____

GIVEN AS MODIFIED_____

### GENERAL INTENT

For you to find the defendant guilty of the charged offense, the government must prove beyond a reasonable doubt that, in reentering after deportation, the defendant acted without justification or legal excuse.

# EXHIBIT C

CR 08-0399 PJH; DEF.'S PROPOSED JURY
INSTRUCTIONS                    12

DEFENDANT'S PROPOSED JURY INSTRUCTION

**ALIENAGE ELEMENT - GOVERNMENT'S BURDEN OF PROOF**

The defendant may not be convicted of the crime of illegal reentry unless the government proves beyond a reasonable doubt that he is an alien. In other words, the government must prove beyond a reasonable doubt that the defendant is not a citizen or national of the United States.

The fact that a defendant has previously been deported in a civil proceeding is not legally sufficient to prove that the defendant is actually an alien for purposes of this criminal trial. Therefore, if the only proof offered by the government regarding the defendant's alienage is proof that the defendant has previously been deported, you must find the defendant not guilty.

Authority: *United States v. Medina,* 236 F.3d 1028, 1031 (9th Cir. 2001); *United States v. Ortiz-Lopez*, 24 F.3d 53, 55-56 (9th Cir. 1994).

GIVEN_____

NOT GIVEN_____

GIVEN AS MODIFIED_____

## ALIENAGE ELEMENT - GOVERNMENT'S BURDEN OF PROOF

The defendant may not be convicted of the crime of illegal reentry unless the government proves beyond a reasonable doubt that he is an alien.  In other words, the government must prove beyond a reasonable doubt that the defendant is not a citizen or national of the United States.

The fact that a defendant has previously been deported in a civil proceeding is not legally sufficient to prove that the defendant is actually an alien for purposes of this criminal trial. Therefore, if the only proof offered by the government regarding the defendant's alienage is proof that the defendant has previously been deported, you must find the defendant not guilty.