JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7200
    Facsimile:  (415) 436-7234
    E-mail: Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-399 PJH |
|     Plaintiff, | **UNITED STATES' PRETRIAL CONFERENCE STATEMENT** |
|   v. | Trial Date:         September 8, 2008 |
| JAIME SALCEDO-MENDOZA, | Pretrial Conference: August 27, 2008 |
|     Defendant. | Judge:         Hon. Phyllis J. Hamilton |

      Pursuant to the Court's Pretrial Order and N.D. Cal. Crim. L.R. 17.1-1(b), the

government submits its pretrial statement.

**I.    Disclosure And Contemplated Use Of Statements Or Reports Of Witnesses Under The Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

      The government has already produced all statements of witnesses covered under 18

U.S.C. § 3500 or Fed. R. Crim. P. 26.2 except the grand jury testimony of ICE Special Agent

Cecyle Andrews.  Agent Andrews has not yet testified before the grand jury, and will testify on

August 14, 2008 when the government seeks a superseding indictment.  The government will

produce Agent Andrews's testimony to defense counsel after the government receives a copy of it.

The government has produced many statements and reports not strictly covered by these authorities. If additional reports and statements are generated in connection with this case, the government will immediately produce copies of them to defense counsel.

The government requested reciprocal discovery from the defense. To date, the defense has produced nothing.

## II.    Disclosure And Contemplated Use Of Grand Jury Testimony Of Witnesses Intended To Be Called At The Trial

As described above, the government expects to disclose the grand jury testimony of Special Agent Andrews after she testifies.

## III.   Disclosure Of Exculpatory Or Other Evidence Favorable To The Defendant On The Issue Of Guilt or Punishment

The government believes it has disclosed all exculpatory evidence known to it. The government understands that the duty to disclose exculpatory evidence is a continuing one. In the event that government counsel becomes aware of any exculpatory evidence during the trial, we will disclose it to the defendant immediately.

## IV.   Stipulation Of Facts Which May Be Deemed Proved At The Trial Without Further Proof By Either Party And Limitation Of Witnesses

On August 7, 2008, government counsel and defense counsel discussed fact stipulations generally. Defense counsel orally advised government counsel that the defense was not willing to stipulate to any facts.

The government believes that several stipulations would be reasonable in this trial. The defendant pleaded guilty to violating § 1326 in this district just five years ago, and admitted to every element of the crime, including having been deported. Additionally, less than three months ago, the defendant admitted every element of the current offense in a sworn, written statement after receiving and waiving his *Miranda* rights.

Accordingly, the United States believes that the defendant could reasonably stipulate to

the fact that he was previously deported in 1999 and 2004, that he was "found in" the Northern District of California on or about May 24, 2008, and that he voluntarily entered the United States and knowingly remained here.  Given his previous § 1326 conviction, he cannot credibly claim that his entry was not voluntary or that he did not "knowingly" remain in the country.  The defendant also could reasonably stipulate to the fact that he was deported following an aggravated felony conviction.

## V.     Appointment By The Court Of Interpreters Under Fed. R. Crim. P. 28

The government will provide the defendant with translated copies of any exhibits that it plans to introduce in its case in chief.  The government will use a court-certified translator to translate the documents.

The defendant has used a Spanish interpreter during previous court appearances.  If the defendant testifies, the government assumes that he will need a Spanish interpreter.  The court may wish to confirm this with the defendant during the pretrial conference.  If the defendant wants a translator, it would be the Court's responsibility to provide one.

## VI.    Dismissal Of Counts And Elimination From The Case Of Certain Issues, Including Insanity, Alibi And Statute Of Limitations

The superseding indictment will allege only one count of illegal reentry.  Therefore, the United States will not move to dismiss any counts.  The statute of limitations is not an issue in this case.  The government requested notice of any intention to rely on an alibi, insanity defense, or duress defense.  The defendant has not given notice of any such defense.

## VII.   Joinder Pursuant To Fed. R. Crim. P. 13 Or The Severance Of Trial As To Any Co-Defendant

There are no other cases that could have been charged in the same indictment, and there are no co-defendants.  Accordingly, so joinder and severance are relevant.

## VIII.  Identification Of Informers, Use Of Lineup Or Other Identification Evidence, And Evidence Of Prior Convictions Of Defendant Or Any Witness

The government has not used any informers or lineups.

The government will use identification evidence in the form of fingerprints and

eyewitness identification of the defendant by law enforcement officers who have encountered him in the past.

The government is filing its Motion *In Limine* contemporaneously and will seek to admit into evidence the defendant's two 1997 felony convictions for drug possession and his 1998 felony conviction for drug possession. As the government explains in its Motion *In Limine*, those convictions are aggravated felonies. Those convictions also are an essential element of proof because the government must prove at trial that the defendant was convicted of an aggravated felony before he was deported.

The government also will seek to admit the defendant's 2003 conviction for illegal entry, as discussed in its Motion *In Limine*.

**IX.   Pretrial Exchange Of Lists Of Witnesses Intended To Be Called In Person Or By Deposition To Testify At Trial, Except Those Who May Be Called Only For Impeachment Or Rebuttal**

The United States is filing its witness list contemporaneously with this pretrial conference statement.

**X.   Pretrial Exchange Of Documents, Exhibits, Summaries, Schedules, Models Or Diagrams Intended To Be Offered Or Used At Trial, Except Materials That May Be Used Only For Impeachment Or Rebuttal**

The United States will file its exhibit list contemporaneously with this pretrial conference statement.

**XI.   Pretrial Resolution Of Objections To Exhibits Or Testimony To Be Offered At Trial**

The government will file its Motion *In Limine* contemporaneously with this pretrial conference statement. The government expects the defendant to file his own Motion *In Limine* and an opposition to the government's Motion *In Limine*. The government expects to oppose the defendant's Motion *In Limine*, if he files one.

**XII.   Trial Briefs On Controverted Points Of Law Likely To Arise At Trial**

The government is not aware of any controverted points of law other than the defendant's expected objections to the government's Motion *In Limine* and the government's objection to the defendant's Motion *In Limine*, discussed above in Section XI. The government has submitted a separate Trial Brief discussing the relevant facts and legal basis for the charge in this case.

### XIII.    Scheduling Of The Trial And Of Witnesses

The government anticipates that the trial will last between two and three days.

The government will fly several witnesses to San Francisco from around the country. Therefore, it is more important than usual that the trial begin on September 8, 2008, as scheduled.  The government knows of no other scheduling issues.

### XIV.    Request To Submit Questionnaire For Prospective Jurors Pursuant To Crim. L. R. 24-1, Voir Dire Questions, Exercise Of Peremptory And Cause Challenges And Jury Instructions

The government is filing contemporaneously its requested Voir Dire questions in addition to those in the Court's Pretrial Order.  The standard number of peremptory challenges provided in Fed. R. Crim. P. 24(b)(2) – ten for the defendant and six for the prosecution – should apply to this trial.

Lead counsel for the parties met and conferred regarding jury instructions on August 11, 2008.  The parties agreed that, as directed in ¶ 3(f) of the Court's Pretrial Order, they would file a joint statement on August 13, 2008 indicating which jury instructions they had agreed on, and which jury instructions each party sought separately.

On August 12, 2008, lead government counsel spoke with defense counsel's second chair, because lead defense counsel was not in the office.  Lead government counsel asked to add to the joint statement that government counsel sought several additional jury instructions.  Defense counsel's second chair refused to modify the joint statement, which had not yet been filed. Therefore, the government is submitting a set of proposed jury instructions in addition to those that the parties are filing jointly.  The government does not know whether defense counsel will oppose the use of those jury instructions.

The government expects the defendant to file oppositions to the government's proposed jury instructions in the joint statement and the additional proposed jury instructions that the government will file.  The government expects to file oppositions to the defendant's proposed jury instructions.

/ /

/ /

GOVT'S PRETRIAL CONF. STATEMENT
CR 08-399 PJH                    5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**XV.    Any Other Matter Which May Tend To Promote A Fair And Expeditious Trial**

The government knows of no other such matters.


DATED:        August 13, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/S/
_____
TAREK J. HELOU
Assistant United States Attorney