JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7200
   Facsimile:  (415) 436-7234
   E-mail: Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-399 PJH |
|     Plaintiff, | UNITED STATES' TRIAL BRIEF |
|     v. | Trial Date:    September 8, 2008<br>Time:    8:30 a.m. |
| JAIME SALCEDO-MENDOZA, | Pretrial Conf.:    August 27, 2008 |
|     Defendant. | Time:    1:30 p.m.<br>Judge:    Hon. Phyllis J. Hamilton |

A.  **LEGAL AND FACTUAL BASIS FOR THE CHARGE**

   1.  **Statement of Facts**

On June 17, 2008, a federal grand jury returned a one count Indictment charging defendant Jaime Salcedo-Mendoza with being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. The defendant was arraigned on the Indictment on June 19, 2008. The parties appeared before the Court for status conferences on July 2, 2008, and July 23, 2008. On July 30, 2008, the parties appeared before the Court and set a trial date. On August 14, 2008, the government will seek a superseding indictment alleging that the defendant illegally reentered the United States after having been convicted of an aggravated felony. The government will seek this superseding indictment based on the Ninth Circuit's August 6, 2008 decision in *Garcia-Aguilar v. United States Dist. Ct. So. Dist. Calif.*, No. 07-70293 (9th Cir. August 6, 2008). On August 7, 2008, Government counsel notified defense counsel that the government will seek a superseding indictment.

The defendant is a citizen of Mexico. He is not a citizen of the United States, and has never been a citizen of the United States. The defendant has never received permission to enter the United States. He was ordered removed from the United States, and deported to Mexico on February 12, 1999 and on February 10, 2004. His second deportation followed a conviction in this District for violating 8 U.S.C. § 1326. In that case, the defendant pleaded guilty pursuant to a plea agreement, and admitted each of the elements that the government must prove now.

On or about May 24, 2008, Immigration and Customs Enforcement agents found the defendant in San Mateo County Jail, where he was incarcerated. Local authorities had referred him to ICE after arresting him for using a fraudulent identification and driving without a license.

   2.  **Pertinent Law – 8 U.S.C. § 1326**[1]

The United States must prove beyond a reasonable doubt that:

(1)   The defendant was deported from the United States;

(2)   The defendant voluntarily entered the United States after deportation;

---

[1] Ninth Circuit Manual of Model Criminal Jury Instructions, Instr. 9.5B (2003 ed., last updated January 2007).

UNITED STATES' TRIAL BRIEF
CR 08-399 PJH                                             1

(3)  The defendant knew he was in the United States after he entered and he knowingly remained;

(4)  The defendant was found in the United States without having obtained permission from the United States Attorney General or the Secretary for Homeland Security to reenter the United States; and

(5)  The defendant was an alien at the time of reentry.

The United States also will prove that the defendant was convicted of an aggravated felony before either of his deportations.

**3.  Anticipated Evidence**

As set forth in more detail in the United States' Proposed Witness List and Exhibit List, it is anticipated that the evidence will generally consist of:

- A warrant of deportation showing that the defendant was deported on February 12, 1999, and testimony from ICE agents who fingerprinted him before he was deported and witnessed his deportation.
- The defendant's sworn statement, given to immigration authorities on May 13, 2002. In that statement, the defendant admitted that he was born in Mexico, he never naturalized to become a United States citizen, he entered the United States without a visa, he had been deported, and he had never applied for permission to reenter the United States.
- The defendant's February 21, 2003 plea agreement, admitting that he was a citizen of Mexico, he was not a citizen of the United States, he had been deported from the United States on February 12, 1999, and he knowingly reentered the United States without obtaining permission from ICE's predecessor, the Immigration and Naturalization Service.
- The defendant's February 21, 2003 application to plead guilty to violating § 1326.
- The transcript from the defendant's February 21, 2003 change of plea hearing, where he pleaded guilty to violating § 1326.
- The transcript from the defendant's May 15, 2003 sentencing hearing, where he

was sentenced to 24 months in custody for violating § 1326.

- The Judgment from the defendant's 2003 conviction for violating § 1326.
- A warrant of deportation showing that the defendant was deported on February 10, 2004, and testimony from ICE agents who fingerprinted him before he was deported and witnessed his deportation.
- The defendant's sworn statement, given to immigration authorities on May 29, 2008, shortly before being indicted in this case. In that statement, the defendant admitted to every element of the current offense.
- Fingerprints from several fingerprint cards showing that the defendant was the individual who was deported.
- Testimony of a fingerprint expert showing that the fingerprints on the warrants of deportation, sworn statements, previous conviction documents, and fingerprint cards are the fingerprints of the same individual.
- Testimony of the ICE agent who took the defendant's fingerprints in May 2008.
- The Certificate of Non-Existence from the defendant's A-File, showing that he never received permission to reenter the United States after being deported.

**B.    EVIDENTIARY STIPULATIONS**

The parties have not agreed to any evidentiary stipulations.

**C.    ANTICIPATED EVIDENTIARY ISSUES**

The government anticipates that the following evidentiary issues, which have been raised in its Motions *in Limine*, will arise:

- The admissibility of public records from the defendant's A-File;
- The admissibility of evidence that the defendant was found at San Mateo County Jail after being arrested while driving a car with a fraudulent driver's license;
- The admissibility of Rule 801(d)(2) evidence, specifically the defendant's prior statements;
- The admissibility of evidence of the defendant's previous conviction for violating § 1326, as substantive evidence and as Rule 609 evidence;

1    • The admissibility of evidence of the defendant's previous felony drug convictions
2      as proof that he committed an aggravated felony;
3    • The admissibility of expert witness testimony by a fingerprint expert who will
4      testify that the defendant's fingerprints are the same fingerprints on warrants of
5      deportation;
6    • The admissibility of the Certificate of Nonexistence of Record showing that the
7      defendant did not receive permission to reenter the United States;
8    • The prohibition of any reference to why the defendant reentered or remained in
9      the United States;
10   • The prohibition of any reference to the defendant's background and prior
11     residency;
12   • The prohibition of any collateral attacks on any prior deportations or removals;
13   • The prohibition of any reference to penalties the defendant could face if
14     convicted; and
15   • The prohibition of any reference to any alleged belief by Defendant that he was
16     not required to obtain permission to reenter the United States.

DATED:    August 13, 2008            Respectfully submitted,

                                     JOSEPH P. RUSSONIELLO
                                     United States Attorney


                                     _____/s/_____
                                     TAREK J. HELOU
                                     Assistant United States Attorney

UNITED STATES' TRIAL BRIEF
CR 08-399 PJH                        4