JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7200
    Facsimile:  (415) 436-7234
    E-mail: Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-399 PJH |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM RE: |
| | ) | JURY INSTRUCTIONS |
| v. | ) | |
| | ) | Trial Date:        September 9, 2008 |
| JAIME SALCEDO-MENDOZA, | ) | Pretrial Conf.:    August 27, 2008 |
| | ) | Judge:             Hon. Phyllis J. Hamilton |
| Defendant. | ) | |

        The United States hereby submits a list of proposed jury instructions in addition to those

the Court will give.  The United States seeks leave to propose such additional instructions as

may be warranted by the evidence in this case.

**I.    The Court Should Give Model Jury Instruction 1.13 On The Jury Being Guided By
        The Official English Translation Or Interpretation (If Necessary)**

        The government may offer documentary evidence that has been translated into English

from another language.  Although none of the government's witnesses will need an interpreter or

GOV'T'S SUPPLEMENTAL MEMO RE: INSTR. 9.5B
CR 08-399 PJH

translator, the defendant has used a Spanish language interpreter in previous proceedings in this case.  If he testifies, he will likely use an interpreter.  If he (or any other witness) uses an interpreter, or if documentary evidence has been translated, the Court should give this instruction.

A copy of the proposed instruction and the government's authority, and a blind copy, are attached as Ex. A.

## II.     The Court Should Give Model Jury Instruction 1.13A On The Use Of Interpreters In Court (If Necessary)

Although none of the government's witnesses will need an interpreter or translator, the defendant has used a Spanish language interpreter in previous proceedings in this case.  If he testifies, he will likely use an interpreter.  If he (or any other witness) uses an interpreter, the Court should give this instruction.

A copy of the proposed instruction and the government's authority, and a blind copy, are attached as Ex. B.

## III.    The Court Should Give Model Jury Instruction 2.9 On Foreign Language Testimony (If Necessary)

Although none of the government's witnesses will testify in a foreign language, as stated above, the defendant has used an interpreter in the past and might testify in a foreign language.

A copy of the proposed instruction and the government's authority, and a blind copy, are attached as Ex. C.

## IV.    The Court Should Give Model Jury Instruction 2.10 On Other Crimes, Wrongs, Or Acts Of The Defendant (If Necessary)

The government intends to introduce evidence of other crimes, wrongs, and bad acts of the defendant, as discussed in its Motion *In Limine*.  If the Court admits such evidence, it should use this instruction.

A copy of the proposed instruction and the government's authority, and a blind copy, are attached as Ex. D.

**V.    The Court Should Give Model Jury Instruction 4.1 On Statements By The Defendant (If Necessary)**

The government intends to introduce evidence of statements made by the defendant.  If the Court admits such evidence, it should use this instruction.

A copy of the proposed instruction and the government's authority, and a blind copy, are attached as Ex. E.

**VI.    The Court Should Give Model Jury Instruction 4.3 On Other Crimes, Wrongs, Or Acts Of The Defendant (If Necessary)**

The government intends to introduce evidence of other crimes, wrongs, and bad acts of the defendant, as discussed in its Motion *In Limine*.  If the Court admits such evidence, it should use this instruction.

A copy of the proposed instruction and the government's authority, and a blind copy, are attached as Ex. F.

**VII.    The Court Should Give Model Jury Instruction 4.6 On Impeachment With Prior Convictions Of The Defendant (If Necessary)**

The government intends to introduce evidence of the defendant's prior convictions for impeachment purposes, as discussed in its Motion *In Limine*.  If the Court admits such evidence, it should use this instruction.

A copy of the proposed instruction and the government's authority, and a blind copy, are attached as Ex. G.

**VIII.    The Court Should Give Model Jury Instruction 4.14 On Eyewitness Identification (If Necessary)**

The government may introduce evidence of eyewitness testimony, as discussed in its witness list.  Specifically, ICE Special Agent Leslie Brown may testify that she identifies the defendant as the same person who pleaded guilty to violating 8 U.S.C. § 1326 in 2003.  If the government introduces such evidence, the Court should give the eyewitness identification instruction.

1    A copy of the proposed instruction and the government's authority, and a blind copy, are

2  attached as Ex. H.

3  **IX.    The Court Should Give Model Jury Instruction 4.17 On Opinion Evidence By**
   **Expert Witnesses (If Necessary)**

4

5    As discussed in its Motion *In Limine*, the government intends to introduce expert witness

6  testimony that the defendant's fingerprints match fingerprints on several different documents,

7  including warrants of removal and fingerprint cards. If the Court admits such evidence, it should

8  give this instruction.

9    A copy of the proposed instruction and the government's authority, and a blind copy, are

10  attached as Ex. I.

11  **X.    The Court Should Give Model Jury Instruction 5.6 On The Definition Of**
   **"Knowingly"**

12

13    The parties agreed to use Model Jury Instruction 5.6. However, it is unclear whether the

14  parties agreed to include the second sentence of that instruction. The Court should use the

15  second sentence, as explained in the government's proposed instruction.

16    A copy of the proposed instruction and the government's authority, and a blind copy, are

17  attached as Ex. J.

18  **XI.    The Court Should Give A Modified Version Of Model Jury Instruction 9.5B**

19    The Court should modify Model Jury Instruction 9.5B to require all jurors to find that the

20  defendant was deported on a specific date.

21    A copy of the proposed instruction and the government's authority, and a blind copy, are

22  attached as Ex. K.

23  **XII.    The Court Should Instruct The Jury On Voluntariness**

24    One element of the charged crime is that the defendant "voluntarily" entered the United

25  States. Consequently, the government requests that the Court instruct the jury on

26  "voluntariness."

27  / /

28
   GOV'T'S SUPPLEMENTAL MEMO RE: INSTR. 9.5B
   CR 08-399 PJH

1    A copy of the proposed instruction and the government's authority, and a blind copy, are

2    attached as Ex. L

3    **XIII.    The Court Should Instruct The Jury Regarding The Timing Of The Defendant's
         Previous Convictions For Violating California Health and Safety Code § 11350(a)**

4

5    The government requests that the Court instruct the jury that if it finds that the defendant

6    was deported on a specific date, and that date was after he was convicted of violating California

7    Health and Safety Code § 11350(a), then his deportation occurred after sustaining that

8    conviction.  This jury instruction could be obviated if the defendant stipulates to the dates of his

9    previous convictions.

10    A copy of the proposed instruction and the government's authority, and a blind copy, are

11    attached as Ex. M.

12

13    DATED: August 13, 2008                    Respectfully submitted,
                                                JOSEPH P. RUSSONIELLO

14                                              United States Attorney

15

16                                              /S/
                                                _____

17                                              TAREK J. HELOU
                                                Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

## 1.13 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

### Proposed By The Government

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters or translators.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English interpretation or translation.  You must disregard any different meaning of the non-English words.

### Authority:

 The government requests that the Court use this instruction because the Ninth Circuit

Jury Instructions Committee recommends that it be given in every case where applicable.  *See*

*United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuentes-Montijo*, 68

F.3d 352, 355-56 (9th Cir. 1995).

## 1.13 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters or translators.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the English interpretation or translation.  You must disregard any different meaning of the non-English words.

## 1.13A USE OF INTERPRETERS IN COURT

### Proposed By The Government

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

### <u>Authority:</u>

Although none of the government's witnesses will need an interpreter or translator, the defendant has used a Spanish language interpreter in previous proceedings in this case.  If he testifies, he will likely use an interpreter.

**1.13A USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

### 2.9 FOREIGN LANGUAGE TESTIMONY

### Proposed By The Government

You are about to hear testimony of a witness who will be testifying in a language other than English. This witness will testify through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness's testimony. You must disregard any different meaning of the non-English words.

### <u>Authority:</u>

Although none of the government's witnesses will testify in a foreign language, the defendant or his witnesses may. Additionally, the government may submit translated version has used a Spanish language interpreter in previous proceedings in this case. If he testifies, he will likely use an interpreter. This instruction is proper. *C.f. United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (jury properly instructed that it must accept translation of foreign language tape-recording where the accuracy of the translation is not in issue); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995)

## 2.9 FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in a language other than English.  This witness will testify through the official court interpreter.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation of the witness's testimony.  You must disregard any different meaning of the non-English words.

### 2.10 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT (Modified)

### Proposed By The Government

You are about to hear testimony that the defendant previously committed other crimes and acts not charged here. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's knowledge, voluntariness, and identity, alienage, prior deportations, and lack of permission to reenter the United States, and for no other purpose.

### <u>Authority:</u>

The Court should give this limiting instruction if it admits any evidence of the defendant's prior convictions or his May 24, 2008 arrest.

The government modified the Model Instruction by adding the words "voluntariness" and "alienage, prior deportations, and lack of permission to reenter the United States" to the last sentence. Use of the defendant's prior crimes and bad acts for those purposes is proper, as explained in its Motion *In Limine*.

This instruction comports with Fed. R. Evid. 404(b). Such a limiting instruction must be given if requested. FED. R. EVID. 105; *United States v. McClain,* 440 F.2d 241, 245 (D.C. Cir. 1971).

### 2.10 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You are about to hear testimony that the defendant previously committed other crimes and acts not charged here.  I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's knowledge, voluntariness, and identity, alienage, prior deportations, and lack of permission to reenter the United States, and for no other purpose.

### 4.1 STATEMENTS BY DEFENDANT

### Proposed By The Government

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

### <u>Authority:</u>

Language from this instruction was expressly approved in *United States v. Hoac*,

990 F.2d 1099, 1108 n.4 (9th Cir. 1993).  The failure specifically to instruct the jury to weigh the

statement in the light of its circumstances may be ground for reversal, although not plain error in

this circuit.  *See United States v. Miller,* 603 F.2d 109 (9th Cir. 1979)*.  But see United States v.*

*Barry,* 518 F.2d 342, 347–48 (2d Cir. 1975) (concluding that omission was plain error).

**4.1 STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

**4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT (Modified)**

**Proposed By The Government**

You have heard evidence of other crimes, acts, and wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, knowledge, identity, voluntariness, alienage, prior deportations, and lack of permission to reenter the United States and for no other purpose.

**Authority:**

The government modified this instruction by adding the words "voluntariness, alienage, prior deportations, and lack of permission to reenter the United States" to the last sentence. Use of the defendant's prior crimes and bad acts for those purposes is proper, as explained in its Motion *In Limine*.

This instruction comports with Federal Rule of Evidence 404(b).

### 4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other crimes, acts, and wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, knowledge, identity, voluntariness, alienage, prior deportations, and lack of permission to reenter the United States and for no other purpose.

**4.6 IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT**

**Proposed By The Government**

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

## <u>Authority:</u>

The government requests that the Court use this instruction because the Ninth Circuit Jury Instructions Committee recommends that it be given in every case where applicable. *See United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

If the Court permits the government to use the defendant's previous convictions for other purposes, as requested in its Motion *In Limine*, the Court also should identify those limited purposes and combine this Instruction with Instruction 4.3 (Other Crimes, Wrongs or Acts of Defendant).

## 4.6 IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

## 4.14 EYEWITNESS IDENTIFICATION

### Proposed By The Government

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crime alleged.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1.  the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;
2.  whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;
3.  any inconsistent identifications made by the eyewitness;
4.  whether the witness had known or observed the offender at earlier times; and
5.  the totality of circumstances surrounding the eyewitness' identification.

### <u>Authority:</u>

If the Court concludes that an eyewitness identification instruction is appropriate, it

should give this instruction, which the Jury Instructions Committee recommends.

Ninth Circuit case law now indicates that an eyewitness identification instruction may be

appropriate. *See, e.g., United States v. Hicks,* 103 F.3d 837, 847 (9th Cir. 1996) ("The district

court may exercise its discretion to exclude expert testimony if it finds that the trier of fact . . .

[would] be better served through a . . . comprehensive jury instruction."); *United States v.*

*Rincon,* 28 F.3d 921, 925-26 (9th Cir. 1994).

## 4.14 EYEWITNESS IDENTIFICATION

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crime alleged.

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

6. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;
7. whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;
8. any inconsistent identifications made by the eyewitness;
9. whether the witness had known or observed the offender at earlier times; and
10. the totality of circumstances surrounding the eyewitness' identification.

## 4.17 OPINION EVIDENCE, EXPERT WITNESS

### Proposed By The Government

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

### <u>Authority:</u>

This instruction comports with Federal Rules of Evidence 701-705. *See also United States v. Mendoza*, 244 F.3d 1037, 1048 (9th Cir. 2001) (instruction should be given when requested by the defendant).

## 4.17 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 5.6 KNOWINGLY — DEFINED

### Proposed By The Government

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

### <u>Authority:</u>

The Court should include the second sentence of this instruction because no element of the offense requires the government to prove that the defendant knew that what he defendant did was unlawful. *United States v. Leon-Leon*, 35 F.3d 1428, 1432 (9th Cir. 1994) (affirming court's decision to exclude evidence that defendant had green card when defendant offered it to establish that he reasonably believed he had permission to reenter United States); *see also United States v. Santillan*, 243 F.3d 1125, 1129 (9th Cir. 2001) (same in Lacey Act case); *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997) (same in money laundering case).

## 5.6 KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.   The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## 9.5B ALIEN–DEPORTED ALIEN FOUND IN UNITED STATES
## (8 U.S.C. § 1326(a))

### Proposed By The Government

The defendant is charged in Count One of the indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported from the United States on any one (or more) of the following dates: February 12, 1999 or February 10, 2004, with all of you agreeing on at least one of those dates;

Second, after deportation, the defendant voluntarily entered the United States;

Third, when the defendant entered he knew he was entering the United States, or after the defendant entered the United States he knew that he was in the United States, and knowingly remained;

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth,  the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

### <u>Authority:</u>

The jury should understand, clearly, that they must unanimously find a single deportation date.

## 9.5B ALIEN–DEPORTED ALIEN FOUND IN UNITED STATES
## (8 U.S.C. § 1326(a))

The defendant is charged in Count One of the indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported from the United States on any one (or more) of the following dates: February 12, 1999 or February 10, 2004;

Second, after deportation, the defendant voluntarily entered the United States;

Third, when the defendant entered he knew he was entering the United States, or after the defendant entered the United States he knew that he was in the United States, and knowingly remained;

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth,  the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

## VOLUNTARINESS

### Proposed By The Government

Evidence that the Defendant was found at any location in the United States other than the border is circumstantial proof from which you may infer that the Defendant voluntarily entered the United States.

### Authority:

The government proposes adding an instruction to define "voluntarily" for the jury.  The jury will receive an instruction on the definition of "knowingly" and it is therefore also necessary to instruct the jury on "voluntarily" because it is also an element of the offense and a term that may be open to interpretation or unclear to the jury.  Defining "knowingly"for the jury, but not "voluntarily" could lead to jury confusion or conflation of the two terms.

Voluntariness is an element of being "found in" the United States after deportation, and the government must prove beyond a reasonable doubt that the defendant voluntarily reentered or remained in the United States.  *United States v. Salazar-Gonzalez*, 458 F.3d 851, 856 (9th Cir. 2006).  The voluntariness of the defendant's return is an element of the crime and consequently must be proved beyond a reasonable doubt.  *United States v. Quintana-Torres*, 235 F.3d 1197, 1200 (9th Cir. 2000).  Alternatively, "voluntarily remaining in the country after an involuntary entry satisfies the statute."  *Id.*

The above instruction is consistent with Ninth Circuit case law, which makes clear that "[a] reasonable juror may well infer that the alien had the intention to be [in the United States] when the alien is discovered at any location in the country other than the border."  *Quintana-Torres*, 235 F.3d at 1200.  Being found away from the border is "circumstantial proof that is convincing unless explained away . . . There is an inference [of voluntary entry] that a reasonable mind could accept as true beyond a reasonable doubt.  To dispel the inference, the

alien would have to demonstrate that one of the speculative possibilities of involuntary entry had actually taken place." *Id.; see also, United States v. Rivera-Sillas*, 417 F.3d 1014, 1021 (9th Cir. 2005)(same); *United States v. Castellanos-Garcia*, 270 F.3d 773, 776 (9th Cir. 2002) (discovery of defendant in United States is sufficient for jury to infer voluntary entry absent evidence to contrary; *United States v. Parga-Rosas*, 238 F.3d 1209, 1214 (9th Cir. 2001) (reasonable jury could infer that defendant reentered voluntarily when found far from border absent evidence of involuntary reentry); *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1074 (9th Cir. 2005) (reasonable juror could infer that entry was voluntary where defendant was found in San Diego County in city not bordering Mexico and where defendant did not present any contrary evidence).

Other facts in evidence in this case also would support the finding that the defendant's reentry was voluntary. For example, the defendant was arrested with a fake driver's license while driving a car. The defendant also was deported twice and convicted of illegal reentry once. This evidence, combined with the lack of evidence regarding involuntary reentry, will provide the jury with additional facts regarding the defendant's reentry. Therefore a permissive inference is appropriate under the facts and circumstances of this case.

The instruction is particularly appropriate in this case, where the defendant was found in San Mateo County several months after he entered the United States. Furthermore, there has been no indication that the defendant entered the United States involuntarily.

Adding this clarifying instruction is appropriate under the facts and circumstances of this case. By contrast, failure to give any instruction on "voluntarily" could confuse the jury and depriving them of the legal guidance they need to apply the applicable law to the evidence.

## VOLUNTARINESS

Evidence that the Defendant was found at any location in the United States other than the border is circumstantial proof from which you may infer that the Defendant voluntarily entered the United States

**PREVIOUS CONVICTION FOR VIOLATING CALIFORNIA HEALTH AND SAFETY CODE § 11350(A)**

**Proposed By The Government**

If you find that the defendant had been convicted of violating California Health and Safety Code § 11350(a) before he was deported on either February 12, 1999 or February 10, 2004, then that deportation occurred after sustaining at least one conviction for violating California Health and Safety Code § 11350(a).

**<u>Authority:</u>**

To increase the defendant's maximum penalty, the government must prove to a jury that the defendant was convicted of an aggravated felony before being deported. *Garcia-Aguilar v. United States District Court for So. Dist. Calif, et al*, No. 07-70293 (9th Cir. August 6, 2008).

**PREVIOUS CONVICTION FOR VIOLATING CALIFORNIA HEALTH AND SAFETY
CODE § 11350(A)**

If you find that the defendant had been convicted of violating California Health and
Safety Code § 11350(a) before he was deported on either February 12, 1999 or February 10,
2004, then that deportation occurred after sustaining at least one conviction for violating
California Health and Safety Code § 11350(a)