JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-7200
Facsimile:  (415) 436-7234
E-mail: Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-399 PJH |
| | ) | |
|     Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S PROPOSED JURY |
|   v. | ) | INSTRUCTIONS |
| | ) | |
| JAIME SALCEDO-MENDOZA, | ) | Trial Date:       September 8, 2008 |
| | ) | Pretrial Conf.:   August 27, 2008 |
|     Defendant. | ) | Judge:        Hon. Phyllis J. Hamilton |
| | ) | |

GOV'T RESPONSE DEF. PROPOSED JURY INSTRUCTIONS
CR 08-399 PJH

1   The government does not object to the defendant's proposed jury instruction regarding

2   the credibility of law enforcement witnesses.

3   The government objects to the defendant's proposed jury instructions on general intent

4   and on the government's burden of proving alienage, as discussed below.

5   **I.    The Court Should Not Instruct The Jury On General Intent Because It Is Not An Element Of The Crime**

6

7   **A.    The Defendant Is, In Reality, Requesting An Instruction On The Defenses Of Necessity Or Duress**

8

9   The defendant has cloaked a request for a jury instruction on the defenses of necessity and

10  duress in the guise of a request for his proposed instruction regarding general intent.  The request

11  seeks to place the burden of disproving necessity or duress on the government.  This is improper

12  for two reasons.  First, the defendant must prove those defenses; he cannot shift the burden to the

13  government.  Second, the request is premature because the defendant has not elicited any

14  evidence of necessity or duress and has given no indication that he will do so.

15  The defendant's "general intent" request seeks to have the government prove that he

16  acted without "justification or legal excuse."  (Def. Prop. Jury Instr. at 2:25-3:1.)  "Justification"

17  is another term for the defenses of necessity, duress, and coercion.  *United States v. Biggs*, 441

18  F.3d 1069, 1071 (9th Cir. 1996).  "Legal excuse" also is the same as duress or coercion.  *See*

19  Manual of Model Jury Instructions for the Ninth Circuit § 6.6 (May 2008).  The defendant,

20  however, not the government, bears the burden of proving those defenses by a preponderance of

21  the evidence.  *Id.*

22  The Ninth Circuit recently affirmed a district court's refusal to give a similar proposed

23  jury instruction regarding necessity in a § 1326 case.  *United States v. Perdomo-Espana*, 522

24  F.3d 983 (9th Cir. 2008).  Based on that Ninth Circuit precedent, the defendant is entitled to his

25  proposed instruction only if facts elicited at trial show that a reasonable jury could conclude each

26  of the following:

27  / /

28

GOV'T RESPONSE DEF. PROPOSED JURY INSTRUCTIONS
CR 08-399 PJH

1    (1)    that the defendant was faced with a choice of evils and chose the lesser evil;

2    (2)    that the defendant acted to prevent imminent harm;

3    (3)    that the defendant reasonably anticipated a causal relation between his conduct

4           and the harm to be avoided; and

5    (4)    that there were no other legal alternatives to violating the law.

6    *Perdomo-Espana*, 522 F.3d at 987.  In this case, however, the defendant has not produced any

7    evidence or made any proffer showing any of those four elements, let alone all of them, as he

8    must.

9           Even if the defendant introduces evidence at trial sufficient for the Court to make such a

10   finding, his proposed instruction is still improper because it shifts the burden to the government.

11   *Id.* at 987 (defendant must prove necessity defense).  Therefore, if the defendant introduces

12   evidence warranting a necessity defense, he should request Ninth Circuit Model Jury Instruction

13   6.6.

14   **B.    The Cases That The Defendant Cited Are Irrelevant; They Address Whether
           A Court Should Give A Specific Intent Instruction In Specific Intent Cases**

15

16          As the defendant admits, the model jury instruction for 8 U.S.C. § 1326 does not include

17   an explanation of general intent.  (Def. Prop. Jury Instr. at 2:11-12.)  That is because the jury

18   instruction already addresses the requisite mental states for § 1326 – the defendant must have

19   *voluntarily* entered the United States and *knowingly* remained in the country.  Manual of Model

20   Jury Instructions for the Ninth Circuit § 9.5B (May 2008).

21          None of the defendant's cases is on point.  Each addresses how a district court should

22   instruct a jury on specific intent in a case alleging a violation of a specific intent crime.

23          In *United States v. Johnson*, 956 F.2d 197 (9th Cir. 1992), the issue was which instruction

24   for specific intent was more accurate – the defendant's proposed instruction or the instruction

25   that the court gave the jury.  *Id.* at 199.  The defendant appealed his conviction, claiming that the

26   district court should have given the jury his proposed instruction instead of the instruction that it

27   gave.  *Id.* at 199.  The Ninth Circuit affirmed his conviction, finding that the district court's jury

28

GOV'T RESPONSE DEF. PROPOSED JURY INSTRUCTIONS
CR 08-399 PJH

1   instruction on specific intent was sufficient and it did not have to use the defendant's proposed

2   instruction. *Id.* at 199-200.  That decision did not create a blanket rule, as the defendant implies,

3   requiring courts to instruct on general or specific intent.

4       *Martinez v. Berg*, 937 F.2d 422 (9th Cir. 1991) also is irrelevant here, and also deals with

5   which specific intent instruction a court should have used.  In *Martinez*, the defendant filed a

6   habeas petition challenging his state court conviction.  *Id.*  The defendant argued that the state

7   court judge did not properly instruct the jury that under California law, an aider and abettor must

8   have specific intent to aid the principal's crime.  *Id.* at 423.  This decision did not create a rule

9   that a district court must give a special instruction about intent separate from that included in

10  each crime's specific jury instruction, which is what the defendant requests here.

11      *United States v. Doe*, 136 F.3d 631 (9th Cir. 1998) also is irrelevant because it addressed

12  what *mens rea* the government must show to establish a violation of the federal arson statute, 18

13  U.S.C. § 81, not whether a district court should give a separate instruction on intent.  *Id.* at 634.

14  Under the federal arson statute, a defendant must act "willfully and maliciously" to be found

15  guilty.  18 U.S.C. § 81.  The defendant must have had a specific intent to set a fire.  *Doe*, 136

16  F.3d at 635 (elements of willfulness and maliciousness are established by proof that defendant set

17  fire intentionally and without justification or lawful excuse).  By contrast, illegal reentry, the

18  statute in question in this case, requires only that a defendant act voluntarily and knowingly.

19  **II.    The Court Should Not Instruct The Jury On The Government's Burden To Prove
        Alienage Because The Proposed Instruction Is Case-Specific And Not Relevant Here**

20

21      The Court should not use the defendant's proposed instruction regarding the

22  government's burden to prove alienage.  This request is case-specific because it assumes the

23  government will not submit any evidence showing the defendant is an alien other than his prior

24  deportations.  (*See* Def. Prop. Jury Instr. at 3:5-6, 3:17-20, 3:20-23.)  It is not applicable here.

25      The proposed instruction could be relevant only in a case where the government

26  introduced no evidence to show that the defendant is an alien other than his previous

27  deportations.  By contrast, in this case, the government will prove that the defendant is an alien

28

GOV'T RESPONSE DEF. PROPOSED JURY INSTRUCTIONS
CR 08-399 PJH

1    by using evidence other than his prior deportations.  For example, the government will rely on

2    the defendant's previous conviction for violating § 1326, several admissions he made over the

3    past ten years where he admitted that he is an alien, and a Certificate of Nonexistence of Record

4    showing that he never applied to reenter the United States after being deported.  (*See* Gov't Ex.

5    List, filed Aug. 13, 2008.)

6          Therefore, the defendant's proposed instruction will not assist the jury in applying the

7    facts of this case to the law that the Court gives them.  Instead, the proposed instruction will

8    confuse the jury by leading them to believe that they should disregard his previous deportations

9    altogether, even though the fact that he was deported is an element of the offense that the

10   government must prove beyond a reasonable doubt.

11         Finally, both cases the defendant cites are inapplicable.  In *United States v. Ortiz-Lopez*,

12   24 F.3d 53 (9th Cir. 1994), the Ninth Circuit reviewed a conviction where the defendant's prior

13   removals were "the only evidence the government offered to prove alienage."  *Id.* at 56.  In

14   *United States v. Medina*, 236 F.3d 1028 (9th Cir. 2001) the Ninth Circuit addressed a different

15   issue related to the validity of his deportation hearing.  *Id.* at 1030.  The court stated that the

16   government cannot rely on factual findings at a deportation to prove essential elements of a

17   violation of § 1326.  However, in this case, the government is not relying on factual findings

18   from the deportation hearing; it will rely only on the fact that the defendant was deported.  As the

19   court in *Medina* held, the government needs to prove only that the defendant was deported and

20   can rely on the result of the deportation hearing (*i.e.* the deportation).  *Id.* at 1031.

21

22   DATED: August 20, 2008                    Respectfully submitted,
                                               JOSEPH P. RUSSONIELLO
23                                             United States Attorney

24

25                                             /S/
                                               _____
26                                             TAREK J. HELOU
                                               Assistant United States Attorney

27

28

GOV'T RESPONSE DEF. PROPOSED JURY INSTRUCTIONS
CR 08-399 PJH