JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-7200
Facsimile: (415) 436-7234
E-mail: Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-399 PJH |
| ) | |
| Plaintiff, ) | GOVERNMENT'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION *IN LIMINE* TO |
| v. ) | EXCLUDE UNDISCLOSED EVIDENCE |
| ) | |
| JAIME SALCEDO-MENDOZA, ) | Trial Date: September 8, 2008 |
| ) | Pretrial Conf.: August 27, 2008 |
| Defendant. ) | Judge: Hon. Phyllis J. Hamilton |
| ) | |

GOV'T OPP. DEF. MOT. EXCLUDE UNDISCLOSED EVID.
CR 08-399 PJH

1    The Court should deny the defendant's Motion in Limine to Exclude undisclosed
2 evidence. The Court did not impose a discovery deadline in this case. In its pretrial order, the
3 Court required the parties to comply with the Federal Rules of Criminal Procedure, and also
4 required the government to comply with *Brady v. Maryland*, 373 U.S. 83 (1963) and *United
5 States v. Agurs*, 427 U.S. 97 (1976). (July 31, 2008 Order for Pretrial Preparation for Criminal
6 Jury Trial.) Therefore, contrary to the defendant's assertion (Def. Mot. Exclude Undisclosed
7 Evid. at 1:19-21), the parties were not required to disclose all evidence that the deadline for filing
8 motions *in limine*.

9    The government has complied with all of its discovery obligations, including its
10 obligations under Rule 16 to produce evidence to the defendant. The government is aware that
11 its duty to disclose evidence is a continuing duty and will produce additional evidence to the
12 defendant, if any exists, immediately after the government receives it. Given the short time
13 period between indictment and trial in this case – less then three months – it is inevitable that a
14 small number of documents would be discovered after the parties filed their motions in limine.

15    Finally, the defendant will not be harmed by the disclosure of additional documents, and
16 the Court should not continue the trial. This case is straightforward and does not present
17 complex legal or factual issues. If the defendant shows that he was harmed by disclosure of
18 additional evidence, then the Court can continue the trial. The defendant's assertion that he will
19 object to a continuance is irrelevant because the speedy trial deadline in this case will be no
20 earlier than October 20, 2008, six weeks after the trial is scheduled to start.

22 DATED: August 20, 2008                    Respectfully submitted,

23                                            JOSEPH P. RUSSONIELLO
                                              United States Attorney

25                                            /S/
                                              _____
26                                            TAREK J. HELOU
                                              Assistant United States Attorney

GOV'T OPP. DEF. MOT. EXCLUDE UNDISCLOSED EVID.
CR 08-399 PJH

-1-