1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2

3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division

4

5  TAREK J. HELOU (CABN 218225)
   Assistant United States Attorney

6
       450 Golden Gate Avenue, Box 36055
7      San Francisco, CA 94102
       Telephone: (415) 436-7200
8      Facsimile:  (415) 436-7234
       E-mail: Tarek.J.Helou@usdoj.gov

9

10 Attorneys for Plaintiff

11
                      UNITED STATES DISTRICT COURT
12
                      NORTHERN DISTRICT OF CALIFORNIA
13
                           SAN FRANCISCO DIVISION
14

15 UNITED STATES OF AMERICA,           )   No. CR 08-399 PJH
                                       )
16      Plaintiff,                     )   GOVERNMENT'S OPPOSITION TO
                                       )   DEFENDANT'S MOTION *IN LIMINE* TO
17      v.                             )   EXCLUDE PRIOR CONVICTIONS UNDER
                                       )   RULE 609
18 JAIME SALCEDO-MENDOZA,              )
                                       )   Trial Date:     September 8, 2008
19      Defendant.                     )   Pretrial Conf.: August 27, 2008
                                       )   Judge:          Hon. Phyllis J. Hamilton
20 _____

21

22

23

24

25

26

27

28
   GOV'T OPP. DEF. MOT. EXCLUDE CONVICTIONS UNDER RULE 609
   CR 08-399 PJH

1    The Court should admit the defendant's previous conviction for violating § 1326. That
2 conviction is highly probative of his credibility. It will be only slightly prejudicial, and not
3 prejudicial at all if the Court admits the conviction or the defendant's admissions related to it for
4 other reasons, as the government requested in its Motion *In Limine*.

**I.   The Defendant's Prior § 1326 Conviction Is Admissible If Its Probative Value Outweighs Its Prejudicial Effect**

Under Federal Rule of Evidence 609(a)(1), a felony conviction "shall be admitted if the court determines that the probative value of admitting [it] outweighs its prejudicial value to the accused." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (admitting conviction for possession of marijuana for sale for impeachment purposes in § 1326 trial). The Ninth Circuit created a five-factor test for balancing the relative probativeness and unfair prejudice of a prior conviction. Under this test, this court should consider: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979).

**II.   The Five Factor Test Favors Admission**

The first and second factors, the impeachment value and the temporal relationship between it and the charged offense, weigh in favor of admission. The defendant's § 1326 conviction was for a felony, and thus it has considerable impeachment value. The defendant's conviction was only five years ago.

The third factor, the similarity of the crimes, is neutral. Unlike other cases, where this factor would normally favor exclusion because the previous conviction and the charged crime are for the same offense, that is not the case in § 1326 prosecutions. Here, the jury will already be told that the defendant was deported in 1999. The jury also will learn that he was deported again in 2004. Therefore, the jury will know that the defendant reentered the country illegally after his 1999 deportation. In essence, the facts underlying the defendant's previous conviction

GOV'T OPP. DEF. MOT. EXCLUDE CONVICTIONS UNDER RULE 609
CR 08-399 PJH

are the same facts that led to his being charged here. Therefore, although the previous conviction and the current charges are for the same crime, the similarity between them does not favor exclusion.

The fourth and fifth factors, the importance of the defendant's testimony and the centrality of his credibility, are discussed below.

### III. The Defendant's Testimony Will Be Very Important And His Credibility Will Be Central To His Defense

If the defendant testifies, his testimony will be the most important aspect of his defense. His credibility will be central to his testimony. If the defendant testifies, he will presumably testify that:

(1) He was involuntarily brought to the United States;

(2) He did not knowingly remain in the United States;

(3) He was never deported;

(4) He was not an alien when he reentered; or

(5) He had received permission to reenter the United States.

Every one of those facts will be contradicted by other evidence, making the jury's determination of his credibility crucial to whether it believes him. In such a case, the jury should have the benefit of all evidence relevant to his credibility when deciding whether to believe him. The jury should know that the defendant was convicted of a felony when assessing his credibility and weighing it against overwhelming, contradictory evidence.

### IV. There Is No Risk Of Prejudice If The Conviction Or The Defendant's Related Admissions Are Admitted On Other Grounds

If the Court admits any evidence from the defendant's previous § 1326 case for other purposes, the jury will already know that he was convicted of violating § 1326. The fact of the conviction is admissible under Federal Rule of Evidence 803(22). (*See* Gov't Mot. *Limine* at 6:23-7:17.) The admissions from his conviction, his plea agreement, his application to enter a guilty plea, his change of plea hearing, and his sentencing hearing are admissible under Rule

GOV'T OPP. DEF. MOT. EXCLUDE CONVICTIONS UNDER RULE 609
CR 08-399 PJH

801(d)(2)(A). (*See* Gov't Mot. *Limine* at 5:2-25.)

If the Court admits any of that evidence, it should admit the defendant's conviction for violating § 1326 as impeachment material even if its probative value is only slight because the jury will already know that the defendant was convicted of violating § 1326. In such a case, the defendant will not be prejudiced.

## V. Conclusion

The defendant's conviction for violating § 1326 will be probative of his credibility. Its prejudicial value will be only slight, if it even prejudices him at all. Consequently, the Court should admit it as impeachment evidence if he testifies at trial.

DATED: August 20, 2008                    Respectfully submitted,

                                               JOSEPH P. RUSSONIELLO
                                               United States Attorney

                                               /S/
                                               _____
                                               TAREK J. HELOU
                                               Assistant United States Attorney