JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7200
   Facsimile:  (415) 436-7234
   E-mail: Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-399 PJH |
| ) | |
|    Plaintiff, ) | GOVERNMENT'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION *IN LIMINE* TO |
|    v. ) | EXCLUDE EVIDENCE OF OTHER ACTS |
| ) | |
| JAIME SALCEDO-MENDOZA, ) | Trial Date:   September 8, 2008 |
| ) | Pretrial Conf.:  August 27, 2008 |
|    Defendant. ) | Judge:   Hon. Phyllis J. Hamilton |

GOV'T OPP. DEF. MOT. LIMINE EXCLUDE OTHER ACTS
CR 08-399 PJH

Several of the defendant's "other acts" and convictions are admissible in this case, as stated in the government's Motion *In Limine*. The Court should deny the defendant's motion to exclude them.

## I. The Defendant's "Other Acts" And Convictions Are Admissible Under Rule 404(b)

### A. The Rule 404(b) Test

The Ninth Circuit has consistently held that Federal Rule of Evidence 404(b) is a rule of inclusion. *See, e.g., United States v. Jackson,* 84 F.3d 1154, 1159 (9th Cir. 1996). Unless the evidence of other crimes tends only to prove propensity, it is admissible. *Id.* Thus, prior bad act evidence is admissible "except where it tends to prove *only* criminal disposition." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977). The government identified several "other acts" and convictions admissible under Rule 404(b) in its Motion *In Limine*. None of them will be offered as proof of the defendant's criminal disposition. Each of them will be offered for a separate, permissible reason.

### B. The Specific Other Acts Evidence

In its Motion *In Limine*, the government identified several "other acts" that it will seek to admit into evidence at trial.

#### 1. The Defendant's May 2008 Arrest

The government will seek to use the defendant's arrest for driving without a valid license and using a fake driver's license. (*See* Gov't Mot. *Limine*, filed Aug. 13, 2008, at 4:6-8.) That evidence will not be used to prove the defendant has a criminal character. It will prove an element of the crime, specifically that the defendant voluntarily entered and knowingly remained in the United States. (*Id.* at 4:8-13.)

#### 2. The Defendant's Previous § 1326 Conviction

The government will seek to admit the defendant's previous conviction for violating § 1326. This conviction is admissible under Rule 404(b) to prove that the defendant voluntarily entered and knowingly remained in the United States. (*See* Gov't Mot. *Limine* at 7:5-11.) The defendant will not be prejudiced by the admission of any facts related to his previous § 1326

GOV'T OPP. DEF. MOT. LIMINE EXCLUDE OTHER ACTS
CR 08-399 PJH

conviction. Some of the facts supporting that conviction – that he was previously deported and his alienage – are elements of the current charge, which the government must prove again. (*See* Gov't Mot. *Limine* at 7:11-17.) Even if this conviction were not admissible under Rule 404(b), the Court should still admit it under Federal Rule of Evidence 803(22) because it will prove facts necessary to sustain the previous judgement against the defendant, specifically that he was deported and is an alien. (*See* Gov't Mot. *Limine* at 6:25-7:5.)

### 3.     **The Defendant's Prior Drug Convictions**

The government will use the defendant's prior drug convictions as evidence that he was convicted of an aggravated felony. The defendant's offer, in his Motion *In Limine*, to stipulate to a previous felony conviction is insufficient. (Def. Mot. *Limine* Exclude Other Acts at 4:24-5:1.) If the defendant will stipulate that he sustained an aggravated felony conviction before his first deportation, the government will not seek to admit his prior drug convictions.

### 4.     **Evidence That The Defendant Was "Found" At San Mateo County Jail**

The government also will seek to admit evidence that the defendant was "found" by ICE agents at San Mateo County. (*Id.* at 3:21-23.) It will not be "substantially" outweighed by any prejudicial effect if the Court admits evidence that the defendant was arrested, as described above in Section I.B.1. Even if the Court does not admit evidence of the defendant's arrest, it should admit that he was "found" at San Mateo County Jail. This fact will ensure that the jury does not incorrectly assume that the defendant was apprehended in a workplace enforcement raid. (*See* Gov't Mot. *Limine* at 3:19-4:5.)

### 5.     **The Government Will Not Rely On The Sentencing Memoranda From The Defendant's Prior § 1326 Conviction In Its Case-In-Chief**

The government will not rely on the sentencing memoranda from the defendant's previous § 1326 conviction in its case-in-chief. (Def. Mot. *Limine* Exclude Other Acts at 3:14-5:4.) The government produced those documents to the defense to ensure that it complied with its discovery obligations, not because the government planned to use them in its case-in-chief.

GOV'T OPP. DEF. MOT. LIMINE EXCLUDE OTHER ACTS
CR 08-399 PJH

Additionally, although those documents are public records and equally available to both parties, government counsel also produced them to eliminate defense counsel's need to spend time getting them from the court's files.

## II.     Conclusion

As described above and in the government's Motion *In Limine*, the Court should admit Rule 404(b) evidence. That evidence will be offered to prove facts at issue in this case – not to prove the defendant's criminal disposition. Additionally, its probative value is not "substantially" outweighed by any prejudice to the defendant.

DATED: August 20, 2008                                   Respectfully submitted,

                                                                              JOSEPH P. RUSSONIELLO
                                                                              United States Attorney

                                                                              /S/
                                                                              _____
                                                                              TAREK J. HELOU
                                                                              Assistant United States Attorney