BARRY J. PORTMAN
Federal Public Defender
RONALD TYLER
JODI LINKER
Assistant Federal Public Defenders
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant SALCEDO MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0399 PJH |
| Plaintiff, | DEFENDANT'S OPPOSITION TO UNITED STATES' MOTIONS IN LIMINE |
| v. | Pretrial Conference: August 27, 2008 |
| JAIME SALCEDO MENDOZA, | |
| Defendant. | |

### INTRODUCTION

Defendant Jaime Salcedo Mendoza respectfully submits the following responses to the United States' motions in limine.

### DISCUSSION

**A.  The Government's Motion to Admit A-File Documents Should Be Denied**

To the extent the government seeks a blanket order from the Court that it be permitted to introduce broad categories of documents from Mr. Salcedo Mendoza's A-file, the government's motion should be denied. Mr. Salcedo Mendoza's A-file consists of approximately 400 pages of documents of varying types, relevance, and significance. As a legal matter, several of the

CR 08-0399 PJH;
DEF.'S OPPO. TO U.S. MTNS. IN LIMINE            1

documents in the A-file are inadmissible for some or all purposes. For example:

- A warrant or order of deportation is admissible only to show the fact of prior deportation, not to show alienage. *See, e.g.*, *United States v. Contreras*, 63 F.3d 852, 857 (9th Cir. 1995); *United States v. Hernandez-Rojas*, 617 F.2d 533, 535 (9th Cir. 1980); *see also United States v. Medina*, 236 F.3d 1028, 1030-31 (9th Cir. 2001). Even then, a limiting instruction should be given.
- A "Notice to Appear" is inadmissible under Federal Rules of Evidence 401, 403, and 803(8).
- A warning of possible penalties is inadmissible under Federal Rules of Evidence 401, 403, and 803(8).
- Admission of any document in the A-file to show alienage would violate the defendant's constitutional rights to confrontation and due process.

None of the cases cited by the government stands for the proposition that all A-file documents are necessarily admissible. Unless and until the government identifies both the documents from the A-file upon which it intends to rely *and* for what purpose, Mr. Salcedo Mendoza cannot meaningfully object to, and the Court cannot make an informed ruling about, their admissibility. Accordingly, the Court should deny the government's motion without prejudice and direct the government to identify the particular documents it seeks to introduce, the purpose for which it seeks to introduce them, and the grounds on which it believes them to be admissible.

**B. The Government's Motion to Admit Evidence that Mr. Salcedo Mendoza was "Found In" the San Mateo County Jail, Including Evidence Related to His May 24, 2008 Arrest Should be Denied**

The government's blatant attempt to prejudice Mr. Salcedo Mendoza by offering evidence that he was found in a county jail must be rejected – such evidence is wholly irrelevant to this case, and would be extremely and unfairly prejudicial to Mr. Salcedo Mendoza. *See* Fed. R. Evid. 401 and 403.

CR 08-0399 PJH;
DEF.'S OPPO. TO U.S. MTNS. IN LIMINE          2

1  The government must establish beyond a reasonable doubt that Mr. Salcedo Mendoza
2  was found in the United States. It does not need to establish the precise location where he was
3  found, and there is absolutely no evidentiary value to the fact that he may have been found in a
4  jail. Rather, the sole effect of such evidence would be to encourage the jury to have contempt for
5  Mr. Salcedo Mendoza because he was in jail. As such, this evidence is inadmissible under both
6  Federal Rule of Evidence 401 and Federal Rule of Evidence 403.

7  The government, apparently aware of the extreme prejudice that would result from the
8  admission of this evidence, attempts to salvage its offer by arguing that the government would be
9  prejudiced by the Court's failure to admit this evidence because the jury "could assume that he
10 was arrested in an ICE enforcement raid on factory workers or farm workers." U.S. Motion at
11 3:25-26. There is no basis for the government's argument – indeed, it is unclear why the
12 government believes the jury would reach such a conclusion, let alone how the government
13 would be "prejudiced" by
14 it.

15 The government continues in its effort to prejudice Mr. Salcedo Mendoza by arguing that
16 it should be permitted to introduce evidence that he "had obtained a fraudulent driver's license
17 and was driving a car, including an arrest report showing that he was arrested on those charges"
18 to somehow show that he "knowingly remained in the United States after illegally reentering the
19 country." U.S. Motion at 4:9-10. Aside from the unfair prejudice that would result from the
20 introduction of this evidence (which is addressed in defendant's motions to exclude evidence
21 under Rules 404(b) and 609), the government's logical leap as to how this evidence establishes
22 any relevant fact is lost on the defense. Indeed, there is no basis for admission of this evidence; it
23 is irrelevant, unduly prejudicial and should be excluded.
24 ///
25 ///
26 ///

CR 08-0399 PJH;
DEF.'S OPPO. TO U.S. MTNS. IN LIMINE        3

### C. The Court Should Deny the Government's Motion to Introduce the Defendant's Prior Statements

Mr. Salcedo Mendoza objects to the admission of certain prior statements as follows:[1]

Regarding the May 13, 2002 statement, the government states that Mr. Salcedo Mendoza "signed a waiver of rights." U.S. Motion at 4:22. The government does not identify the bates number of that waiver, however, it appears that the government may be referring to the document at bates number USA-0259. *See* Declaration of Jodi Linker in Support of Defendant's Opposition to the United States' Motions in Limine (hereinafter "Linker Decl."), Exhibit A. This document, however, does not contain Mr. Salcedo Mendoza's signature and, therefore, the government did not secure a valid waiver of Mr. Salcedo Mendoza's *Miranda* rights. There is no doubt that these statements were the result of a custodial interrogation, and the government bears the burden of establishing a valid waiver of *Miranda* rights. *United States v. Garibay*, 143 F.3d 534, 536-537 (9th Cir. 1998). Because the government has failed to carry its burden to establish a *Miranda* waiver, the Court should exclude this statement.

Additionally, two of the statements that the government seeks to introduce – those from Mr. Salcedo Mendoza's change of plea hearing on February 21, 2003 and those from his sentencing hearing on May 15, 2003 – have not been produced to the defense. Accordingly, it is impossible for Mr. Salcedo Mendoza to meaningfully respond to the government's motion. It is unknown what is – or is not – included in those statements, whether such statements would be relevant under Federal Rule of Evidence 401 and/or unduly prejudicial under Federal Rule of Evidence 403. Moreover, as asserted in Mr. Salcedo Mendoza's Motion in Limine to Exclude Undisclosed Evidence, the Court should exclude evidence such as this, which has yet to be produced.

---

[1] In a telephone conference on August 20, 2008, government counsel advised defense counsel that the statement referenced in subparagraph 7 of the government's motion at page 6, lines 4-17 (referring to a statement made on May 28, 2008 and on May 13, 2002), is actually a reference to a statement made on May 29, 2008 at bates number USA089-093.

CR 08-0399 PJH;
DEF.'S OPPO. TO U.S. MTNS. IN LIMINE            4

Even if the Court does not agree with the above objections, the Court should deny the government's motion to introduce all seven statements allegedly made by Mr. Salcedo Mendoza as the introduction of all such statements would be cumulative in violation of Federal Rule of Evidence 403. Indeed, Federal Rule of Evidence explicitly provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "waste of time or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**D.    The Court Should Deny the Government's Motion to Introduce Evidence of Defendant's Prior Conviction for Illegal Reentry**

Relying on *United States v. Bejar-Matrecious*, 618 F.2d 81, (9th Cir. 1980), the government argues that it is permitted to use Mr. Salcedo Mendoza's prior conviction for illegal reentry as substantive evidence to establish his guilt in the instant case. The government's argument is entirely misplaced as *Bejar-Matrecious* – the sole case relied on by the government – has been overturned. *See United States v. Smith-Baltiher*, 424 F.3d 913, 919-920 (9th Cir. 2005). Accordingly, the government's motion should be denied.

Moreover, for the reasons presented in Mr. Salcedo Mendoza's Motion in Limine to Exclude Other Acts and Impeachment Evidence, Motion in Limine to Exclude Prior Convictions Under Rule 609, and Motion in Limine to Exclude Undisclosed Evidence, the Court should deny the government's request. While the government maintains that the evidence is admissible to prove several of the elements of the illegal-reentry offense, the government neglects to acknowledge that the admissibility of this evidence is governed by Federal Rule of Evidence 404(b). Mr. Salcedo Mendoza has moved in limine to exclude all Rule 404(b) evidence because the government failed to give proper notice. *See* Def.'s Mot. in Limine to Exclude Other Acts and Impeachment Evidence. For the reasons stated in his motion, this Court should preclude the government from offering any 404(b) evidence, including the documents from Mr. Salcedo Mendoza's conviction in 2003.

Even if the government could identify a permissible use of this evidence, it would also

have to show the Court that the evidence satisfies the balancing test required by Federal Rule of Evidence 403.  Under these circumstances, it is not even close.  The marginal probative value of this evidence is extremely limited given that the government can and will introduce other evidence to establish that Mr. Salcedo Mendoza is an alien who was deported prior to being found in the Northern District of California.  On the other hand, the danger of unfair prejudice caused by the introduction of evidence that Mr. Salcedo Mendoza was convicted of illegal entry in 2003 is impossible to overstate.  No limiting instruction can guard against the near certainty that the jury will conclude from the fact that Mr. Salcedo Mendoza admitted to being an illegal alien who entered the country without permission in 2003 that he likely did so again in this case.

In addition, under Federal Rule of Evidence 609, the Court should not permit the government to offer Mr. Salcedo Mendoza's prior conviction for impeachment purposes should he elect to testify.  The government completely ignores the clear dictates of Rule 609, which embodies greater protections against prejudice for criminal defendants than for other witnesses.  Specifically, when the government seeks to introduce a prior conviction against the defendant, Rule 609 reverses the balancing of probative value and prejudicial effect that courts customarily undertake under Rule 403.  Rule 609 permits prior convictions to be admitted only when their probative value *substantially* outweighs their prejudicial effect.  *See United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987); *see also United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).  As explained in greater detail in Mr. Salcedo Mendoza's Motion In Limine to Exclude Prior Convictions Under Rule 609, the government has not met its burden in this case.

First, Mr. Salcedo Mendoza's prior conviction has little or no impeachment value because it does not relate to his truthfulness.  The government offers absolutely no support to establish that Mr. Salcedo Mendoza's conviction for illegal reentry relates in any way to his ability to testify truthfully.  Moreover, unless Mr. Salcedo Mendoza seeks to misrepresent his character for truthfulness or criminal history, such evidence would do little to impeach him.

Second, the Court must not simply consider the importance of Mr. Salcedo Mendoza's

credibility to the government's case, and instead must look at how, if it all, his prior conviction addresses his character for truthfulness. *See United States v. Bensimon*, 172 F.3d 1121, 1126 (9th Cir. 1999).

> [The appellant] argues that, in determining the probative value of his conviction, we should consider how critical [the witness's] credibility was to their case. This argument misconstrues the yardstick by which probative value is measured. Probative value is determined by how likely the evidence is to prove some fact, not how important proof of that fact is to the proponent's case. Accordingly, the probative value of [the witness's] conviction is measured by how well it demonstrates his lack of trustworthiness, not how badly [the opposing party] wants to impeach him.

*American Home Assur. Co. v. American President Lines, Ltd.,* 44 F.3d 774, 779 (9th Cir. 1994). Regardless of how badly the government may want to impeach Mr. Salcedo Mendoza should he testify, his prior conviction does nothing to demonstrate lack of trustworthiness; therefore, it has little to no probative value.

Finally, Mr. Salcedo Mendoza's testimony is not especially important to the government's case-in-chief. The government need only prove that Mr. Salcedo Mendoza is a previously deported alien who was found in the country without permission. Given the very real potential for prejudice, the balance under Rule 609 tips decisively against admission of Mr. Salcedo Mendoza's prior convictions.

For these reasons, the Court should deny the government's effort to introduce this highly prejudicial evidence that the government does not need in order to prove its case.

**E.    The Court Should Deny the Government's Motion to Introduce Evidence of Defendant's Previous Drug Possession Convictions**

This Court should deny the government's motion to admit evidence of Mr. Salcedo Mendoza's prior convictions under California Health and Safety Code § 11350(a). Relying on *Garcia-Aguilar v. U.S. Dist. Court*, ___ F.3d ___, 2008 WL 3009680 (9th Cir. Aug. 6, 2008), the government asserts that it "must now prove to the jury that the defendant was convicted of an aggravated felony before he was deported" and reasons that defendant's prior convictions are, therefore, admissible. U.S. Motion at 8:17. The government's position is misplaced.

Contrary to the government's assertion, the relevant fact which it must prove to the jury to support an enhanced sentence under 8 U.S.C. § 1326(b) is not that Mr. Salcedo Mendoza was convicted of an aggravated felony, but instead that his prior deportation occurred on a date after he had sustained a conviction for an aggravated felony.

> In *United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-98 (9th Cir. 2006), we recognized that the fact of a prior conviction need not have been submitted to the jury under *Almandarez-Torres v. United States*, but nevertheless held that an *Apprendi* error had occurred where *the date of a prior removal* (necessary to determine whether the removal had *followed* the conviction in time) was not admitted by the defendant or found by a jury.

*United States v. Salazar-Lopez*, 506 F.3d 748, 751 (9th Cir. 2007) (first emphasis added, second in original) (internal citation omitted); *see also Garcia-Aguilar*, 2008 WL 3009680 at *1 (recognizing *Covian-Sandoval* for its convincing explanation of "how *Apprendi* applies" to § 1326(b)).

In other words, the jury need not find that Mr. Salcedo Mendoza was previously convicted of an aggravated felony – were he found guilty in the present case, this Court could make such a finding at sentencing; instead, the government need only prove *the date* upon which a prior removal occurred. *See Covian-Sandoval*, 462 F.3d at 1097 ("The fact of a prior conviction is the *only* fact both increases a penalty beyond the statutory maximum *and can be found by a sentencing court.*") (first emphasis in original, second added); *Salazar-Lopez*, 506 F.3d at 752 (explaining that *Apprendi* error is avoided where "the date of the removal" is alleged in the indictment and proved to the jury). Accordingly, the government's efforts to inject unduly prejudicial evidence into this relatively straightforward trial should be rejected.[2]

---

[2] Were the Court to disagree with the forgoing analysis, the defense has already offered to stipulate, pursuant to *United States v. Old Chief*, 519 U.S. 171 (1997), to the fact that Mr. Salcedo Mendoza was convicted of a felony prior to February 12, 1999 – the date on which the government alleges he was first deported.

CR 08-0399 PJH;
DEF.'S OPPO. TO U.S. MTNS. IN LIMINE                  8

**F.     The Court Should Exclude the Government's Fingerprint Expert**

As asserted in Mr. Salcedo Mendoza's Motion in Limine to Exclude Expert Testimony, the Court should exclude the government's fingerprint expert. In addition to the arguments in that motion, and incorporated herein, Mr. Salcedo Mendoza respectfully requests that this Court exclude the government's proffered expert because its expert disclosure does not comply with the requirements of Federal Rule of Criminal Procedure 16.

On August 13, 2008, the government sent defense counsel a curriculum vitae ("CV") for Thomas Liszkiewicz, Senior Fingerprint Specialist for the Department of Homeland Security. On August 15, 2008, the government sent defense counsel a report, dated August 14, 2008, which appears to have been prepared by Mr. Liszkiewicz. *See* Linker Decl., Ex. B. The report lists various exhibits, each of which apparently contained a fingerprint impression. The report also contains a section bearing the heading "FINDINGS," which states as follows:

> The fingerprint impressions appearing on exhibits 1.1 through 1.7 were made by the same individual.
>
> The fingerprint individualizations were established by comparative analysis of the friction ridge detail for the fingerprint impressions in question.

*Id.,* Ex. B, USA-413.

On August 13, 2008, the government filed with this Court a document entitled "Government's Notice of Expert Testimony (Rule 16)." *See id.,* Ex. C. At the time the Notice was filed, the government had yet to provide the defense with Mr. Lisckiewicz's CV or report. The government's Notice summarizes some of the information contained in Mr. Liszkiewicz's CV and August 14, 2008 report; the Notice also provides the following additional information:

- Mr. Liszkiewicz will testify that his conclusions are based on two fundamental principles of friction ridge identification: (1) friction ridges begin to develop *in utero* and persist unchanged until after death; and (2) no two fingerprints are the same, even in identical twins. *See id.,* Ex. C at 2.

- "Mr. Liszkiewicz will further testify that he arrived at this conclusion by using the

1  standard ACE-V (Analysis, Comparison, Evaluation – Verification) methodology
2  and he will further explain this methodology." *Id.*

3  In order to call an expert witness, the government must comply with the expert disclosure
4  requirements of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This provision
5  requires the government to disclose not only a written summary of the expert's anticipated
6  opinions, but also a description of the "bases and reasons for those opinions." Fed. R. Crim. P.
7  16(a)(1)(G). The purpose of Rule 16(a)(1)(G) is "to minimize surprise that often results from
8  unexpected expert testimony, reduce the need for continuances, and to provide the opponent with
9  a fair opportunity to test the merit of the expert's testimony through focused cross-examination."
10 Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 amendment.

11  The government's disclosure in this case fails to meet the requirements of Rule
12 16(a)(1)(G). While the government's disclosure does state the ultimate opinion to be offered by
13 Mr. Liszkiewicz – *i.e.*, the fingerprints on each of the various document were made by the same
14 individual – it does not adequately identify the "bases and reasons" that led Mr. Liszkiewicz to
15 this conclusion. For example, the government's Notice does not: (1) contain a description of the
16 various fingerprints; (2) identify any purported similarities between the various fingerprints
17 which would support the expert opinion; (3) identify any dissimilarities between the various
18 fingerprints which might undermine the expert opinion; or (4) describe what factors most
19 strongly supported the proposed expert testimony. Nor has the government disclosed any notes
20 that were taken by Mr. Liszkiewicz during his analysis, or any computer data that may have been
21 generated during such an analysis. The government's recitation of two generalized "principles of
22 friction ridge identification" cannot substitute for a disclosure of the *actual* bases and reasons for
23 the proposed expert testimony in this specific case.

24  Furthermore, while it is evident from the government's disclosure that Mr. Liszkiewicz
25 engaged in a "comparative analysis of the friction ridge detail for the fingerprint impressions in
26 question" – *i.e.*, he compared the various fingerprints – and that he used the ACE-V

1  methodology, the Notice does not describe this methodology, the underlying principles or

2  practices, or explain why it is considered a reliable methodology by those with skill or experience

3  in the field.  *Cf.* Fed. R. Evid. 702, 703.

4  Because of the scarcity of information contained in the government's Notice of Expert

5  Testimony, the defense is unable to adequately ascertain the admissibility of Mr. Liszkiewicz's

6  proposed expert testimony or to fairly "test the merit of the expert's testimony through focused

7  cross-examination."  Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 amendment.

8  Accordingly, the Court should exclude the testimony of the government's proffered expert.  *See*

9  Fed. R. Crim. P. 16(d)(2)(C).

10 **G.    The Court Should Exclude the Certificate of Non-Existence of Records**

11 Defendant acknowledges, as he must, the Ninth Circuit authority holding that a certificate

12 of non-existence of records ("CNR") is non-testimonial and therefore does not violate a

13 defendant's rights under the Confrontation Clause of the United States Constitution.  *See United*

14 *States v. Cervantes-Flores*, 421 F.3d 825, 831-33.  Because Mr. Salcedo Mendoza disagrees with

15 this holding and believes that the admission of a CNR would violate his Confrontation Clause

16 rights, he objects to the admission of the CNR to preserve his appellate rights.

17 **H.    The Court Should Deny the Government's Blanket Request to Prohibit "Any Reference" to Why the Defendant Reentered or Remained in the United States**

18

19 In its motion to prohibit reference to the reasons that Mr. Salcedo Mendoza is present in

20 the United States, the government has conflated two distinct types of evidence: (1) evidence of

21 Mr. Salcedo Mendoza's reasons for being in the United States; and, (2) evidence of his belief that

22 he was entitled to be in the United States.  While Mr. Salcedo Mendoza concedes that his reasons

23 for being in the United States may be inadmissible, the government has cited no support for the

24 proposition that his belief regarding his entitlement to be in the United States must also be

25 excluded.

26 To the contrary, evidence of one's entitlement to be in the United States is directly

CR 08-0399 PJH;
DEF.'S OPPO. TO U.S. MTNS. IN LIMINE            11

relevant to an express element of the offense of illegal reentry. To convict Mr. Salcedo Mendoza, the government must prove that Mr. Salcedo Mendoza reentered without the consent of the Attorney General or the Secretary of the Department of Homeland Security. *See* Manual of Model Criminal Jury Instructions for the Ninth Circuit § 9.5B (2003 ed.; last updated May 2008).

The government must also prove that Mr. Salcedo Mendoza "had knowledge [that] he was committing the underlying act that made his conduct illegal–entering or remaining in the United States." *See United States. v. Salazar-Gonzalez*, 458 F.3d 851, 856 (9th Cir. 2006). Evidence concerning the reasons the defendant reentered the United States is thus relevant to the extent it goes to whether the defendant had the requisite knowledge.

Accordingly, the government's motion should be denied insofar as it seeks to exclude relevant, admissible evidence concerning Mr. Salcedo Mendoza's state of mind.

**I.     The Court Should Deny the Government's Blanket Request to Prohibit "Any Reference" to the Defendant's Background and Prior Residency**

The government also seeks to prohibit "any reference" to Mr. Salcedo Mendoza's background and prior residency. The government's request is so broad that it is difficult to meaningfully respond. While the government seeks to offer evidence regarding Mr. Salcedo Mendoza's background and prior residency, it seeks a blanket order prohibiting him from doing the same.

The government argues that evidence of residency and children and spouses who are U.S. citizens should be excluded because it is irrelevant. To the extent that such evidence speaks only to "positive equities," Mr. Salcedo Mendoza recognizes that the evidence is inadmissible. *See United States v. Serna-Vargas*, 917 F. Supp. 711, 712 (C.D. Cal. 1996).

Contrary to the government's suggestion, however, such evidence is not categorically inadmissible. Neither of the cases cited by the government announced such a bright-line rule. *See United States v. Ibarra*, 3 F.3d 1333, 1335 (9th Cir. 1993) (noting that "[a] defendant *can*

present evidence to rebut the government's showing of alienage") (emphasis added), *overruled on other grounds by United States v. Alvarado-Delgado*, 98 F.3d 492 (9th Cir. 1996); *Serna-Vargas*, 917 F. Supp. at 712 (disallowing evidence only of "de facto" citizenship). Rather, the relevance of evidence concerning prior immigration status and the citizenship of the defendant's immediate relatives depends on the evidence the government introduces during its case-in-chief at trial. *See Ibarra*, 3 F.3d at 1335 (noting that such evidence was irrelevant because government proved alienage with birth certificate).

Accordingly, the Court should deny the government's motion at this time and defer any ruling on the admissibility of evidence of "prior residency" until such time as Mr. Salcedo Mendoza may seek to introduce it.

### K. The Court Should Deny the Government's Motion to Prohibit "Any Reference" to Penalties

Once again, the government's request to prohibit "any reference" to penalties is over-broad. Mr. Salcedo Mendoza recognizes that sentencing is the exclusive province of the Court, and agrees not to present evidence or argument concerning the sentence that Mr. Salcedo Mendoza might receive should he be convicted. To the extent, however, that the government seeks to preclude any acknowledgment by the defense that Mr. Salcedo Mendoza is facing the prospect of punishment or that the offense for which is on trial is a felony, the motion should be denied. None of the cases cited by the government goes as far as the government proposes, and there is nothing improper about acknowledging the incontrovertible fact that if Mr. Salcedo Mendoza were convicted, his punishment would be determined by the Court.

The Court should deny the motion without prejudice and permit the government to object to particular items of evidence or testimony if and when Mr. Salcedo Mendoza seeks to introduce them.

///

///

**L.     Mr. Salcedo Mendoza Does Not Oppose the Government's Motion to Exclude Witnesses**

As explained in Mr. Salcedo Mendoza's Motion in Limine to Sequester Witnesses, he supports the exclusion of all witnesses except for the one government case agent.

### CONCLUSION

For the reasons stated, Mr. Salcedo Mendoza respectfully urges the Court to deny the government's motions in limine except as they are conceded by the defense.

Dated: August 20, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/s/

JODI LINKER
Assistant Federal Public Defender