1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2

3  BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division

4

5  TAREK J. HELOU (CABN 218225)
   Assistant United States Attorney

6
       450 Golden Gate Avenue, Box 36055
7      San Francisco, CA 94102
       Telephone: (415) 436-7200
8      Facsimile:  (415) 436-7234
       E-mail: Tarek.J.Helou@usdoj.gov

9

10 Attorneys for Plaintiff

11
                       UNITED STATES DISTRICT COURT
12
                      NORTHERN DISTRICT OF CALIFORNIA
13
                         SAN FRANCISCO DIVISION
14

15 UNITED STATES OF AMERICA,          )   No. CR 08-399 PJH
                                      )
16     Plaintiff,                     )   GOVERNMENT'S SUPPLEMENTAL BRIEF
                                      )   TO ADMIT EVIDENCE OF THE
17     v.                             )   DEFENDANT'S PREVIOUS
                                      )   AGGRAVATED FELONY CONVICTION
18 JAIME SALCEDO-MENDOZA,             )
                                      )   Trial Date:      September 8, 2008
19     Defendant.                     )   Pretrial Conf.:  August 27, 2008
   _____)   Judge:           Hon. Phyllis J. Hamilton

20

21

22

23

24

25

26

27

28
   GOV'T SUPP. BRIEF RE: AGG. FEL.
   CR 08-399 PJH

1  **I.    INTRODUCTION**

2       At the Pretrial Conference in this case, the Court ordered the parties to submit additional

3  briefs addressing whether the government should be able to prove the defendant's aggravated

4  felonies at trial.  The defendant was deported twice, both times after sustaining an aggravated

5  felony conviction.  If he does not stipulate to that fact, the Court should let the government admit

6  evidence of his previous aggravated felony conviction at trial.

7       This issue is important because the defendant's maximum penalty will increase if he was

8  deported after being convicted of an aggravated felony.  *See* 18 U.S.C. § 1326.  His sentencing

9  guidelines range also will increase if he was deported after being convicted of an aggravated

10  felony.  *See* USSG §2L2.1(b).

11       Under the Ninth Circuit's opinion in *United States v. Salazar-Lopez,* 506 F.3d 748 (9th

12  Cir. 2007), the government would be able to prove that the defendant was convicted of an

13  aggravated felony at sentencing, not at trial.  But a recent Ninth Circuit decision makes the

14  ultimate effect of *Salazar-Lopez* unclear.  *See Garcia-Aguilar v. United States Dist. Court So.*

15  *Dist. Calif.*, No. 07-70293, 2008 U.S. App. LEXIS 16596 (9th Cir. August 6, 2008).  In

16  *Garcia-Aguilar*, the Ninth Circuit explicitly held that "the sequence of a defendant's previous

17  conviction and removal is a fact separate from the prior conviction itself, *and must therefore be*

18  *charged in the indictment and either proven at trial or admitted*."  *Id.* at *4 (emphasis added).

19  Although the government believes that *Salazar-Lopez* is still good law and *Garcia-Aguilar* is

20  distinguishable, *Garcia-Aguilar* may overrule it, requiring the government to prove that the

21  defendant was deported after he was convicted of an aggravated felony.

22       The government is concerned that if the Court does not let the government prove the

23  defendant's aggravated felony conviction at trial, the government will be prohibited from ever

24  proving it.  For example, the Court could refuse to admit evidence related to the defendant's

25  previous convictions at trial by relying on *Salazar-Lopez* and finding that they are only

26  sentencing factors.  The government could then be prohibited from proving the defendant's

27  aggravated felony convictions at sentencing based on future cases applying *Garcia-Aguilar*,

28

GOV'T SUPP. BRIEF RE: AGG. FEL.
CR 08-399 PJH

1   which could hold that it effectively overruled or limited *Salazar-Lopez*, and requires the

2   government to prove to a jury the sequence of the defendant's aggravated felony conviction and

3   deportations.

4          The Court can eliminate this risk by letting the government admit evidence of the

5   defendant's aggravated felony.  This will give the defendant a choice: either he can stipulate to

6   the fact that he was convicted of an aggravated felony before he was deported, or the government

7   can prove the sequence of his aggravated felony conviction and deportations to the jury.  Any

8   other decision by the Court could prohibit the government from ever proving the defendant's

9   aggravated felony conviction and let the defendant avoid the increased penalties it brings.  That

10  outcome would undermine Congress' intent – expressed in both Title 18 and the sentencing

11  guidelines – to punish illegal aliens who reenter the country after committing aggravated felonies

12  more severely than other illegal aliens.

13  **II.     THE DEFENDANT WAS CONVICTED OF AN AGGRAVATED FELONY
           BEFORE BEING DEPORTED**

14

15         The defendant was convicted of drug possession in violation of California Health and

16  Safety Code § 11350(a) on October 15, 1997 (Ex. A at USA-0122.)[1]  He was convicted of the

17  same crime on December 17, 1997.  (Ex. A at USA-0121.)  He was arrested for the same crime

18  on June 9, 1998, and convicted on June 17, 1998.  (Ex. A at USA-0123.)  As described below,

19  the defendant's third violation of § 11350 was an aggravated felony because his first and second

20  convictions under that statute had already become final.  Each of those convictions predates both

21  of his deportations, which occurred in 1999 and 2004.  Therefore, as described below, he had

22  been convicted of an aggravated felony before he was deported.

23         Under 8 U.S.C. § 1101(a)(43)(B), convictions for drug trafficking crimes under 18

24  U.S.C. § 924(c) are considered aggravated felonies.  Under 18 U.S.C. § 924(c)(2), a "drug

25  trafficking crime" includes any felony punishable under the Controlled Substances Act ("CSA").

26  _____

27         [1]Exhibit A is a copy of the defendant's rap sheet.  That document was produced to
    defense counsel on June 23, 2008.

28  GOV'T SUPP. BRIEF RE: AGG. FEL.
    CR 08-399 PJH

1  The CSA defines a "felony" as "any Federal or State offense classified by applicable Federal or

2  State law as a felony." 21 U.S.C. § 802(13). Under the CSA, a first time drug possession

3  conviction is punishable by not more than one year and is, therefore, a misdemeanor. 21 U.S.C.

4  § 844. As a misdemeanor, such an offense would not qualify as a "drug trafficking crime" under

5  § 924(c)(2). However, § 844 includes a recidivist penalty. If a person possesses drugs "after a

6  prior conviction under this subchapter . . . or a prior conviction for any drug, narcotic, or

7  chemical offense chargeable under the law of any State, has become final," he faces up to 2 years

8  in prison. This recidivist enhancement includes a maximum punishment of over one year. A

9  second possession offense is, therefore a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) if

10 a previous possession conviction had already become final, meaning that if a defendant

11 possessed drugs after being convicted of drug possession, he committed an aggravated felony.

12     The Ninth Circuit has muddled this straightforward statutory language, resulting in

13 contradictory, complex decisions. *Compare United States v. Garcia-Olmedo,* 112 F.3d 399 (9th

14 Cir. 1997) (two drug possession convictions render possession an aggravated felony) and *United*

15 *States v. Zarate-Martinez,* 113 F.3d 1194 (9th Cir. 1998) (affirming *Garcia-Olmedo*), *with*

16 *United States v. Corona-Sanchez,* 291 F.3d 1201 (9th Cir. 2002) (en banc) (construing a different

17 subsection of "aggravated felony" definition relating to theft and holding that recidivist

18 enhancements cannot be used to determine maximum penalty for state law offense), *United*

19 *States v. Arrellano-Torres,* 303 F.3d 1173 (9th Cir. 2002) (under *Corona-Sanchez*, court cannot

20 consider recidivist enhancement in § 844(a) to determine whether conviction is felony), *United*

21 *States v. Robles-Rodriguez,* 281 F.3d 900 (9th Cir. 2002) (authorized punishment under state law

22 must be more than one year for conviction to count as felony), and *United States v. Ballesteros-*

23 *Ruiz,* 319 F.3d 1101 (9th Cir. 2003) (improper to consider state law recidivist provisions; also, if

24 punishment under state law for first-time possession of drugs is less than one year, possession

25 offenses cannot count as "drug trafficking crimes" under § 924(c)). Two recent Supreme Court

26 cases have effectively overruled the recent Ninth Circuit cases limiting the definition of

27 "aggravated felony."

28

GOV'T SUPP. BRIEF RE: AGG. FEL.
CR 08-399 PJH

1    In *Lopez v. Gonzalez,* 127 S. Ct. 625 (2006), the Supreme Court found that a plain

2 reading of the term "drug trafficking" ordinarily requires some sort of commercial dealing and,

3 therefore, drug possession cannot be a drug trafficking crime.  The Court acknowledged,

4 however, that Congress defined some drug possession offenses as "illicit trafficking."  The Court

5 held that state possession crimes corresponding to felony violations of the statutes enumerated in

6 § 924(c)(2), such as recidivist possession under § 844(a) "clearly fall within the definitions used

7 by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these

8 federal possession felonies or their state counterparts constitute illicit trafficking in a controlled

9 substance or drug trafficking as those terms are used in ordinary speech." *Lopez* at 630 n.6.

10    Another Supreme Court case issued earlier this year, *United States v. Rodriguez*, 128

11 S.Ct. 1783 (2008), confirms that the defendant had an aggravated felony conviction before he

12 was deported.  *Rodriguez* struck down a Ninth Circuit decision that relied on *Corona-Sanchez* to

13 find that the definition of "serious drug offense" in the Armed Career Criminal Act should be

14 examined only with regard to the punishment for the first offense and should not take into

15 account recidivist enhancements.  The Court rejected that view and held that the maximum term

16 of imprisonment prescribed by law for the state drug convictions at issue was the 10-year

17 maximum set by the applicable recidivist provision.  *Rodriguez*, 128 S.Ct. at 1793.

18    These cases essentially overrule *Corona-Sanchez's* holding that courts should not

19 consider recidivist enhancements when determining the authorized penalty under state or federal

20 law.  Therefore, the pre-*Corona-Sanchez* cases, (*Garcia-Olmedo* and *Zarate-Martinez*) provide

21 the proper analysis and the defendant was convicted of an aggravated felony before he was

22 deported.

23 **III.    ARGUMENT**

24    **A.    Under *Salazar-Lopez*, The Government Would Not Need To Prove The
       Defendant's Aggravated Felony Conviction At Trial**

25

26    The defendant faces a maximum penalty of 20 years in prison and an eight level

27 enhancement under the sentencing guidelines because he was deported after he was convicted of

28

GOV'T SUPP. BRIEF RE: AGG. FEL.
CR 08-399 PJH

1 an aggravated felony.  *See* 8 U.S.C. § 1326(b)(2); USSG 2L1.2(b)(1)(C).  Under the Ninth

2 Circuit's 2007 decision in *United States v. Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2007), the

3 government would not need to prove the defendant's aggravated felony convictions to a jury to

4 increase the maximum penalties that he faces.  Under *Salazar-Lopez*, the defendant would face

5 the higher penalties described above if the government proved at trial *either* the date that he was

6 removed *or* that he was removed after his aggravated felony conviction.  *Id.* at 752.  The

7 government would not need to prove both.  Under Ninth Circuit law, the date of a prior

8 conviction is part of the fact of the prior conviction.  *United States v. Grisel*, 488 F.3d 844, 847

9 (9th Cir. 2007).  Thus, if the Court could find that a conviction occurred, it also could find the

10 date that it occurred.  The Court could then easily determine whether it occurred before or after

11 the date of deportation.

12      As described below, however, the Ninth Circuit's decision earlier this month in

13 *Garcia-Aguilar v. United States Dist. Court So. Dist. Calif.*, No. 07-70293, 2008 U.S. App.

14 LEXIS 16596 (9th Cir. August 6, 2008), might have overruled *Salazar-Lopez* and could require

15 the government to prove that the defendant was convicted of an aggravated felony.  That case

16 forced the government to file a superseding indictment in this case, alleging that the defendant

17 had been removed from the country after being convicted of an aggravated felony.

18       **B.**       ***Garcia-Aguilar* May Require The Government To Prove The Defendant's Aggravated Felony Conviction At Trial**

19

20      *Garcia-Aguilar's* holding and effect on this issue are not yet clear.  Although the decision

21 did not reject *Salazar-Lopez's* holding, it emphasized that the crucial element of *Salazar-Lopez*

22 was not the court's reasoning, but that it ruled based on harmless error.  *Garcia-Aguilar*, 2008

23 U.S. App. LEXIS 16596 at *6-7.  That emphasis, coupled with the court's explicit statement that

24 the government must prove "the sequence of a defendant's previous conviction and removal,"

25 could limit *Salazar-Lopez* to its "harmless error" analysis.  *Id.* at *3-4.

26      Such a limiting of *Salazar-Lopez* would require the government to prove the sequence of

27 the conviction and deportation.  That result is probable because *Garcia-Aguilar* also stated that

28

GOV'T SUPP. BRIEF RE: AGG. FEL.
CR 08-399 PJH

1   the *sequence* of the prior aggravated felony conviction and the prior removal "is a fact separate

2   from the prior conviction itself . . . ." *Id.* at \*4. Thus, even if the Court can find under *Salazar-*

3   *Lopez*, *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Apprendi v. New Jersey*,

4   530 U.S. 466 (2000), that the defendant was convicted of an aggravated felony, and the date of

5   the conviction, the *jury* still must find the sequence. Such a result would not contradict *Grisel's*

6   holding that the date of a conviction is part a fact of the conviction, because the relevant issue is

7   the *sequence* of the previous conviction and removal, not the date of the previous conviction.

8           **C.      The Court Should Reject The Defendant's Offer To Stipulate To A Prior
                       "Felony" Conviction**

9

10                    **1.      Stipulating To A "Felony" Does Not Satisfy Old Chief**

11          In *United States v. Old Chief*, 519 U.S. 172 (1997), the Supreme Court reversed a Ninth

12  Circuit decision affirming a conviction where a defendant faced a felon in possession charge.

13  The defendant offered to stipulate that he had been convicted of a felony. The defendant's

14  proposed stipulation would have supplied "evidentiary value at least equivalent to what the

15  Government's own evidence carried" because the government had to prove only that the

16  defendant had been convicted of a felony. *Id.* at 186. By contrast, here, the government must

17  prove that the defendant was convicted of an *aggravated* felony. The defendant has not offered

18  to stipulate to an aggravated felony, as the government will prove at trial.

19          The distinction between aggravated felonies and non-aggravated felonies has two serious

20  consequences. First, an aggravated felony will increase the defendant's guidelines range by

21  eight levels, instead of four levels for a non-aggravated felony. *Compare* USSG §2L1.2(b)(1)(C)

22  *with* USSG §2L1.2(b)(1)(D). Second, the defendant faces a 20 year maximum sentence because

23  he was convicted of an aggravated felony before being deported, instead of only 10 years if he

24  had been convicted of a non-aggravated felony before he was deported. *Compare* 8 U.S.C. §

25  1326(b)(2) *with* 8 U.S.C. § 1326(b)(1).

26          Thus, the defendant's offer to stipulate to a non-aggravated felony does not satisfy *Old*

27  *Chief*.

28

GOV'T SUPP. BRIEF RE: AGG. FEL.
CR 08-399 PJH

1          **2.      The Defendant's Proposed Stipulation Is Illogical**

2          Finally, the defendant's offer to stipulate to having a previous felony conviction, while

3   arguing that the government need not prove facts enhancing his sentence at trial, makes no sense.

4   If the defendant was deported after being convicted of a non-aggravated felony, that conviction

5   would still increase his maximum sentence and sentencing guidelines range, although not as

6   much as if he had been convicted of an aggravated felony.  If he had been convicted of a non-

7   aggravated felony, as he has offered to stipulate, he would face up to ten years in prison, while

8   he would face only two years in prison if he had no felony convictions.  *Compare* 8 U.S.C. §

9   1326(b)(1) *with* 8 U.S.C. § 1326(a).  A previous non-aggravated felony also would increase his

10  guidelines range by four levels, while having no prior felonies would not increase his guidelines

11  range at all.  USSG §2L1.2.

12         Therefore, the defendant's argument that he will stipulate to a previous felony conviction,

13  but not an aggravated felony conviction, is frivolous unless he disputes that his previous felony

14  convictions are aggravated felony convictions.  However, he waived that argument by not raising

15  it in his Opposition to the Government's Motion *in Limine*.

16  **IV.     CONCLUSION**

17         If the defendant does not stipulate to the fact that he had an aggravated felony conviction

18  before both of his deportations, the Court should permit the government to introduce evidence at

19  trial of all three of his previous felony convictions.  Prohibiting the government from relying on

20  the defendant's aggravated felony conviction at trial might preclude the Court from relying on

21  that conviction when sentencing him because of uncertainty surrounding the Ninth Circuit's

22  recent decision in *United States v. Garcia-Aguilar*.  Congress intended to punish aliens who

23  illegally reenter the country after being convicted of aggravated felonies more seriously than

24  aliens who illegally reenter the country but have a less serious criminal record.  If the defendant

25  will not stipulate that he had been convicted of an aggravated felony before being deported, and

26  the Court does not let the government introduce evidence of his aggravated felony conviction,

27  //

28

1   the Court will run the risk of ignoring the sentencing framework that Congress created through

2   criminal statutes and the sentencing guidelines.

3

4   DATED: August 29, 2008                    Respectfully submitted,
                                              JOSEPH P. RUSSONIELLO
5                                             United States Attorney

6
                                             /S/
7
                                             _____
                                             TAREK J. HELOU
8                                             Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOV'T SUPP. BRIEF RE: AGG. FEL.
CR 08-399 PJH

-8-

```
12:23          TECS IT EXTERNAL MESSAGE DISPLAY          05292008  T2MD0611
                                                                   T2PD0634

QUEUE TYPE:    PERSONAL              QUEUE NAME:  SBC4
                                    MSG STATUS:   NACK
******************** TEXT OF MESSAGE ****************  PAGE 01 *******;
FROM NLETS  ON 05/29/08 AT 12:23:30

CR.CAIII0000
09:18 05/29/2008 30135
09:18 05/29/2008 46755 CAINSSFT1
*CQUSBC4572
TXT
HDR/2L01CQUSBC457200572
ATN/DHS/DRO RILI

THE FOLLOWING RECORD PERTAINS TO FBI/181443EB2
                              SID/CA11587657


RESTRICTED - DO NOT USE FOR EMPLOYMENT, LICENSING, PLACEMENT OR
            CERTIFICATION PURPOSES
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                      PF16(NEXT MSG). PF19(MSG LOG)  PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

USA-0118

12:23        TECS IT EXTERNAL MESSAGE DISPLAY            05292008   T2MD0611
                                                                    T2PD0634

QUEUE TYPE:    PERSONAL            QUEUE NAME:   SBC4
                                  MSG STATUS:   NACK
   ******************** TEXT OF MESSAGE ****************  PAGE 02 ***************


*****************************************************************************
FOR CALIFORNIA AGENCIES ONLY - HAS PREVIOUS QUALIFYING
OFFENSE. COLLECT DNA IF INCARCERATED, CONFINED, OR ON
PROBATION OR PAROLE FOLLOWING ANY MISDEMEANOR OR FELONY
CONVICTION. REQUEST KITS AND INFO AT (510) 620-3300 OR
PC296.PC296@DOJ.CA.GOV.
*****************************************************************************
** III MULTIPLE SOURCE
CII/A11587657
DOB/19751218    SEX/M  RAC/HISPANIC
HGT/511  WGT/198  EYE/BRO  HAI/BLK  POB/MM
NAM/01 MENDOZA,JAIME SOUZEDA
    02 MENDOZA,JAIME SOUZED
    03 SALCEDO,JAIME MENDOZA
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                              PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)

USA-0119

12:23       TECS II EXTERNAL MESSAGE DISPLAY        05292008   T2MD0611
                                                               T2PD0634
QUEUE TYPE:   PERSONAL            QUEUE NAME:  SBC4
                                 MSG STATUS:   NACK
****************** TEXT OF MESSAGE ***************  PAGE 03 **************
    04 MENDOZA,JAIME
    05 SALCEDO-MENDOZA,JAIME
    06 SALCEDO M,JAIME
    07 ZUNIGA,RICARDO SANCHES
    08 MELLADO,JULIAN
    09 MALLADO,JULIAN NMN
    10 MELLADO,JULLIAN
    11 MELLADO,JULIAN NMN
    12 ZUNIGA,RICARDO MENDOZA
MNU/FBI-181443EB2
    DOB-19741218   19730403   19770820
    CDL-B5561904
    SOC-346471409   546471409   624462949
 ****
 19960609   CASOREDWOOD CITY          DOB:19751218
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                             PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)

USA-0120

```
12:23        TECS II EXTERNAL MESSAGE DISPLAY              05292008  T2MD0611
                                                                     T2PD0634
QUEUE TYPE:   PERSONAL            QUEUE NAME:   SBC4
                                 MSG STATUS:    NACK
****************** TEXT OF MESSAGE ***************  PAGE 04 ***************
           1043995
     01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
 19960813  CAMCREDWOOD CITY
           SF278125A
     01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
           DISPO:PROCEEDINGS SUSPENDED/DIVERSION
           DISPO:DIVERSION TERM/CRIM PROCEEDINGS REINSTAT
 19971217  CASCSAN MATEO
           SC041846A
     01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
           *DISPO:CONVICTED-PROB/JAIL
           CONV STATUS:FELONY
           SEN: 003 YEARS PROBATION , 045 DAYS JAIL ,
                FINE ,   IMP SEN SS
 ****
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                                 PF16(NEXT MSG). PF19(MSG LOG)  PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

2 pks.

USA-0121

QUEUE TYPE:   PERSONAL              QUEUE NAME:   SBC4
                                   MSG STATUS:    NACK
******************* TEXT OF MESSAGE ****************  PAGE 05 ***************
19970930   CASOREDWOOD CITY              DOB:19751218
           1043995
       01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
19971015   CASCSAN MATEO
           SC041487A
       01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
        *DISPO:CONVICTED-PROB/JAIL
         CONV STATUS:FELONY                          2 pts
         SEN: 003 YEARS PROBATION , 00? MONTHS JAIL ,
              FINE ,   IMP SEN SS
    ****
19971124   CASOREDWOOD CITY              DOB:19751218
           1043995
       01:CRT ORDER BOOK
         11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                              PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)

USA-0122

QUEUE TYPE:    PERSONAL              QUEUE NAME:   SBC4
                                     MSG STATUS:   NACK
******************* TEXT OF MESSAGE **************** PAGE 06 **************
****
19980609   CASOREDWOOD CITY              DOB:19751218
           1043995
       01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
       02:529.5(C) PC-POSS DECEPTIVE GOVT ID/DRIVER LIC
19980617   CASCREDWOOD CITY
           SF292974A
       01:529.5(C) PC-POSS DECEPTIVE GOVT ID/DRIVER LIC
           DISPO:DISMISSED/FOJ/PLEA TO OTHER CHARGE
19980617   CASCSAN MATEO
           SC042984A
       01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
          *DISPO:CONVICTED-PROB/JAIL
           CONV STATUS:FELONY
           SEN: 003 YEARS PROBATION   001 YEARS JAIL ,
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                                PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)

USA-0123

12:23       TECS II EXTERNAL MESSAGE DISPLAY            05292008   T2MD0611
                                                                    T2PD0634

QUEUE TYPE:   PERSONAL              QUEUE NAME:  SBC4
                                   MSG STATUS:   NACK
****************** TEXT OF MESSAGE ***************  PAGE 07 **************
               FINE ,   IMP SEN SS
****
20010823   CASOOAKLAND                   DOB:19730403
           010BBJ377-PFN
     01:40302(A)  VC-FAIL PROVIDE CDL/ID:WHEN ARRESTED
****
20011028   CASOOAKLAND                   DOB:19770820
           010BBJ377-010BBJ377
     01:23152(A)  VC-DUI ALCOHOL/DRUGS
     02:2800.1(A)  VC-EVADING PEACE OFFICER
     03:10851(A)  VC-TAKE VEH W/O OWN CONSENT/VEH THEFT
     04:243(B)  PC-BATTERY PEACE OFCR/EMERG PERSNL/ETC
     05:243(B)  PC-BATTERY PEACE OFCR/EMERG PERSNL/ETC
20011105   CAMCFREMONT
           195750
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                          PF16(NEXT MSG). PF19(MSG LOG)  PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)

USA-0124

· 12:23      TECS IT EXTERNAL MESSAGE DISPLAY          05292008  T2MD0611
                                                                 T2PD0634
QUEUE TYPE:   PERSONAL            QUEUE NAME:  SBC4
                                 MSG STATUS:   NACK
******************* TEXT OF MESSAGE ***************  PAGE 08 **************
        01:148(A)(1) PC-OBSTRUCT/ETC PUBLIC OFFICER/ETC
           DISPO:DISMISSED
        02:SEE COMMENT FOR CHARGE
           DISPO:DISMISSED
        03:243(B) PC-BATTERY PEACE OFCR/EMERG PERSNL/ETC
           *DISPO:CONVICTED-PROB/JAIL
            CONV STATUS:MISDEMEANOR
            SEN:X3 YR PROB, 30 DS JL,
        04:148(A)(1) PC-OBSTRUCT/ETC PUBLIC OFFICER/ETC
           *DISPO:CONVICTED-PROB/JAIL
            CONV STATUS:MISDEMEANOR
            SEN:X3 YR PROB, 30 DS JL,
     ****
      20020421   CASOOAKLAND                   DOB:19770820
                 010BBJ377-PFN
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                              PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)

USA-0125

```
  12:23            TECS IT EXTERNAL MESSAGE DISPLAY              05292008  T2MD0611
                                                                          T2PD0634
 QUEUE TYPE:   PERSONAL              QUEUE NAME:   SBC4
                                     MSG STATUS:    NACK
 ****************** TEXT OF MESSAGE ***************  PAGE 09 **************
        01:11350(A)  HS-POSSESS NARC CONTROL SUBSTANCE
 ****
 20080524   CASOREDWOOD CITY              DOB:19770820
            583347-1043995
        01:14610(A)(1)  VC-UNLAWFUL USE/ETC:DRIVER LIC
        02:12500(A)  VC-DRIVE W/O LICENSE
 **********************************************************
 WANTS NOT CHECKED - PLEASE CHECK NCIC WANTS
 **********************************************************

 END OF RECORD




 MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX)  PF9(PREV SCRN)  PF14(ACKD MSG)
                                 PF16(NEXT MSG).  PF19(MSG LOG)   PF18=(REROUTE)
 END OF THIS MESSAGE
 (PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

USA-0126