BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
JODI LINKER
Assistant Federal Public Defenders
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700

Counsel for Defendant Salcedo Mendoza

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>                      Plaintiff,             )<br>                                                              )<br>vs.                                                        )<br>                                                              )<br>JAIME SALCEDO MENDOZA,         )<br>                                                              )<br>                      Defendant.          )<br>_____ ) | No. CR-08-0399 PJH<br><br>DEFENDANT'S SUPPLEMENTAL BRIEF TO EXCLUDE EVIDENCE OF HIS PRIOR CONVICTIONS |

## INTRODUCTION

Defendant Jaime Salcedo Mendoza respectfully urges the Court to follow the central teaching of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) and rule that the fact of a prior conviction need not be alleged and proved to a jury in this case.

## DISCUSSION

**The Court Should Deny the Government's Request to Admit Evidence of the Defendant's Previous Felony Convictions**

This Court should deny the government's motion to admit unduly prejudicial evidence of Mr. Salcedo Mendoza's prior convictions under California Health and Safety Code § 11350(a).

As an initial matter, the defense and the government seem to be in substantial agreement

that *United States v. Salazar-Lopez*, 506 F.3d 748 (9th Cir. 2007) "is still good law." U.S. Supp. Br. at 1. Most importantly for present purposes, *Salazar-Lopez* explains that the government can avoid *Apprendi* error simply by alleging the date of removal in the indictment and proving it to a jury: "As such, the date of the removal, or at least the fact that Salazar-Lopez had been removed after his conviction, should have been alleged in the indictment and proved to the jury." *Id.* at 752.

The principle Ninth Circuit case relied upon by *Salazar-Lopez, United States v. Covian-Sandoval,* 462 F.3d 1090 (9th Cir. 2006), also remains good law. *Covian-Sandoval* clearly established that a judge may enhance a sentence under Title 8 U.S.C. § 1326(b) based on a prior conviction even if the fact of the conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. *Id.* at 1096. This is an unsurprising restatement of *Apprendi*.

In *Covian-Sandoval*, the Ninth Circuit squarely rejected the contention that a sentencing court cannot enhance a sentence based on its own finding of fact of a prior felony conviction: "[t]he fact of a prior conviction . . . can be found by a sentencing court." *Covian-Sandoval, supra,* at 1097.

Contrary to the government's reading of the case, *Garcia-Aguilar v. U.S. Dist. Court,* ___ F.3d ___, 2008 WL 3009680 (9th Cir. Aug. 6, 2008) says nothing that would negate the foregoing established principles. *Garcia-Aguilar* notes that *Covian-Sandoval* "explained convincingly how *Apprendi* applies" to 8 U.S.C. § 1326(b). *Garcia-Aguilar,* 2008 WL 3009680 at *1. Further, *Garcia-Aguilar* emphasizes that "the *sequence* of a defendant's previous conviction and removal is a fact separate from the prior conviction itself." *Id.* at *1 (emphasis in original),[1]; *see also Salazar-Lopez,* 506 F.3d 748, and *Covian-Sandoval,* 462 F.3d 1090.

---

[1] The defense notes that the government appears to misquote this passage. Although the government added its own italics for rhetorical weight, it neglected to include or note the Ninth Circuit's italics, which serve to emphasize the importance of establishing the *timing* of removal relative to a conviction, rather than the existence of the underlying offense.

CR 08-0399 PJH; DEF.'S SUPP BRIEF      2

Despite the overwhelming weight of authority, the Government tepidly argues that *Garcia-Aguilar* "may overrule" *Salazar-Lopez*. U.S. Supplemental Brief at 1:20. However, as this Court is well aware, Ninth Circuit caselaw treats the panel opinions in *Salazar-Lopez* and *Covian-Sandoval* as binding precedent subject to invalidation only by an en banc court, the United States Supreme Court, or an Act of Congress. *Hart v. Massanari,* 266 F.3d 1155, 1171 (9th Cir. 2001). The government's contention that the Ninth Circuit might someday overrule or limit *Salazar-Lopez* is speculative and should fail in the face of the serious risk of undue prejudice that the introduction of unnecessary conviction evidence would portend[2].

Dated: September 3, 2008

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender

        /s/

        RONALD C. TYLER
        Assistant Federal Public Defender

---

[2] Arguments over what constitutes an aggravated felony are questions for another day, since prior convictions are a matter to be decided by the judge, not the jury. In any event, the defense agrees that Supreme Court precedent has resolved the issue. *See Lopez v. Gonzalez*, 127 S.Ct. 625 (2006) and *United States v. Rodriguez*, 128 S.Ct. 1783 (2008).