UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                                  No. CR 08-399 PJH

    v.                                                     **FINAL PRETRIAL ORDER**

JAIME SALCEDO–MENDOZA,

    Defendant.

_____/

This matter came before the court for a pretrial conference on August 27, 2008. At the hearing, the court ruled on several motions and other pretrial issues as stated on the record and summarized below.

**I.    Defendant's Motions in Limine**

    **A.    Defendant's Motion to Exclude Other Acts and Impeachment Evidence**

The government will not seek to introduce sentencing memoranda related to defendant's prior conviction under 8 U.S.C. § 1326. Nor will it seek to introduce evidence regarding defendant's drug addiction.

As for the evidence regarding the fact that defendant was "found" at the San Mateo County Jail and the facts underlying defendant's related May 24, 2008 arrest, the court GRANTS IN PART AND DENIES IN PART the defendant's motion in limine. The court also GRANTS IN PART AND DENIES IN PART the government's related motion in limine. In the absence of any stipulation, the government may elicit testimony regarding *where* defendant was found on May 24, 2008, but will not be allowed to introduce evidence regarding defendant's May 24, 2008 arrest or the circumstances underlying the arrest. The court has addressed defendant's prior convictions separately below.

**B.     Defendant's Motion to Exclude Expert Testimony**

Defendant concedes that the expert report provided by the government on August 26, 2008 addresses his concerns regarding the bases for the expert's opinion; accordingly that portion of the motion is denied as MOOT.  As for defendant's objection that disclosure was untimely under Federal Rule of Criminal Procedure 16, the court DENIES defendant's motion and finds that two weeks to prepare his cross-examination is adequate.  The government's related motion to admit expert testimony from the fingerprint examiner is GRANTED.

**C.     Defendant's Motion to Exclude Prior Convictions**

This motion overlaps with the government's related motion in limine.

**1.     Prior Illegal Reentry Conviction**

The government seeks to admit evidence of defendant's prior illegal reentry conviction in its case-in-chief pursuant to Federal Rules of Evidence ("FRE") 803(22) and 404(b), and/or for impeachment purposes under FRE 609(a)(1).  Defendant seeks to exclude the evidence under Rules 404(b), 403, and 609.

The government asserts that the prior illegal reentry conviction is admissible under Rules 404(b) and 803(22) to prove that the defendant voluntarily and knowingly remained in the United States, and also to show that he was previously deported and his alienage. The court stated on the record at the pretrial conference that it would not admit the conviction under Rule 404(b) to show voluntariness, but that the conviction was indeed admissible under Rule 803(22).  Having considered the papers and the parties' arguments further, the court concludes that the conviction is admissible under both Rules 404(b) and 803(22).  The conviction is admissible under Rule 404(b) to demonstrate defendant's knowledge that he was not permitted to re-enter the United States.  However, for the reasons stated on the record, it is *not* admissible under Rule 404(b) to show defendant's voluntariness.

Additionally, the prior § 1326 conviction is also admissible under Rule 803(22) as evidence of defendant's alienage and the fact that he was previously deported, because

those are facts essential to sustain the judgment.  However, defendant is correct that the case relied on by the government, *United States v. Bejar-Matrecious*, 618 F.3d 81, 84 (9th Cir. 1980), has indeed been overruled.  However, the fact that *Bejar* has since been overruled does not affect the admissibility of the prior conviction under Rule 803(22); it simply affects the weight to be afforded to the evidence.

In *Bejar,* the Ninth Circuit held that evidence of a prior § 1325 conviction could be used to establish *conclusively* that the defendant was an alien at the time of a subsequent § 1325 conviction.  *Id.*  That is no longer the case.  *See United States v. Smith-Baltiher*, 424 F.3d 913, 920 (9th Cir. 2005).  Pursuant to *Smith-Baltiher*, defendant's prior § 1326 conviction does not have collateral estoppel effect as to defendant's alienage and the fact that defendant was previously deported.  *Id; see also* 5 Weinstein's Federal Evidence § 803.24[4] (2003 ed.) (noting that prior conviction is not conclusive evidence of facts determined in the prior action).  Accordingly, although the court concludes that the conviction is admissible, its admission under Rule 803(22) does not preclude defendant from challenging or explaining his alienage or the fact that he was previously deported.  *See id.*

Finally, the court finds that the probative value of the prior conviction is not substantially outweighed by the danger of unfair prejudice to the defendant under Rule 403.  As discussed below, in conjunction with the government's motion in limine to admit defendant's prior statements and admissions, the government will be introducing several of the defendant's statements concerning his alienage and the fact that he was previously deported – evidence that defendant did not object to as unduly prejudicial.[1]  Given the fact that these admissions will be introduced into evidence, the court finds that any risk of prejudice to defendant based on admission of the prior conviction itself is significantly diminished.  Moreover, evidence of the prior conviction will provide the jury with a context for the related admissions that they will hear.

---

[1] Defendant's *Miranda* objection was overruled.

3

For all of these reasons, the court finds that defendant's prior illegal reentry conviction is admissible under Rules 404(b) and 803(22). Because the court concludes that the evidence is admissible in the government's case-in-chief, it is unnecessary to reach the issue of its admissibility as impeachment evidence under Rule 609 should defendant testify.

Accordingly, the defendant's motion is GRANTED IN PART AND DENIED IN PART, and the government's related motion is GRANTED IN PART AND DENIED IN PART.

### 2. Three Prior Drug Convictions

The government argues that defendant's three convictions for felony possession of a controlled substance under state law on October 15, 1997, December 17, 1997, and June 17, 1998, are admissible in its case-in-chief pursuant to the Ninth Circuit's recent decision in *Garcia-Aguilar v. United States Dist. Court*, 2008 WL 3009680 (9th Cir. Aug. 6, 2008), and under Rule 404(b). The government's reasons for admissibility are the same for both proffered bases. *See* Govt Oppos. at 3. The court deferred ruling on the issue at the pretrial conference, and ordered supplemental briefing. Having reviewed the parties' papers, the supplemental briefs, and having considered the parties' arguments, the court concludes that the convictions are not admissible on the proffered grounds.

In *Almendarez-Torres v. United States*, the United States Supreme Court held that the fact of a prior conviction need not be alleged in the indictment and submitted to the jury. 523 U.S. 224, 244 (1998). In cases decided immediately prior to *Garcia-Aguilar, United States v. Salazar-Lopez,* 506 F.3d 748 (9th Cir. 2007), and *United States v. Covian-Sandoval*, 462 F.3d 1090 (9th Cir. 2006), the Ninth Circuit confirmed that *Almendarez-Torres* is still good law, and that the fact of prior conviction need not be submitted to the jury. *Salazar-Lopez*, 506 F.3d at 751; *Covian-Sandoval*, 462 F.3d at 1096-98. Although the language utilized by the Ninth Circuit's in *Garcia-Aguilar* is not entirely clear, the court agrees with defendant that *Garcia-Aguilar* does not change the fact that *the fact* of a prior conviction need not be submitted to the jury.

Instead, the Ninth Circuit's decision in *Garcia-Aguilar* appears to have simply

4

reaffirmed its prior holdings in *Covian-Sandoval* and *Salazar-Lopez.* In the most recent of the two, *Salazar-Lopez*, the Ninth Circuit confirmed that not only must the fact of an alien's prior removal be admitted by the defendant or proven at trial, *see Covian-Sandoval*, 462 F.3d at 1098, but the specific date of the removal or the fact that the removal occurred *after* the conviction must be alleged in the indictment and proved to the jury or admitted by the defendant. *Salazar-Lopez*, 506 F.3d at 751-52. This court interprets the Ninth Circuit's decision in *Garcia-Aguilar* as reiterating that the government is required to allege in the indictment, and the defendant is required to admit or the jury to find, the "*sequence* of a defendant's previous conviction and removal." 2008 WL 3009680 at *1 (emphasis in original). Accordingly, it is this *sequence -* and not the fact of the prior conviction – to which the defendant is required to stipulate, or in the absence of a stipulation, which the jury must find. *Id.*[2]

Unlike the illegal reentry conviction, the government did not argue that the three prior drug convictions are admissible under FRE 609, and the court need not reach the defendant's related arguments in his opening motion papers.

For these reasons, the defendant's motion to exclude evidence of the three prior drug convictions is GRANTED, and the government's motion to admit the evidence under *Garcia-Aguilar* and Rule 404(b) is DENIED.

**D.   Defendant's Motion to Exclude Undisclosed Evidence**

Defendant's motion is DENIED. However, the government was ordered at the pretrial conference to make any remaining required disclosures no later than **Wednesday, September 3, 2008.**

**E.   Defendant's Motion to Sequester Witnesses**

Defendant's motion is GRANTED, and the government's related motion is also GRANTED. The government will admonish its witnesses as set forth on the record.

---

[2] The court notes that it appears that defendant is willing to so stipulate. *See* Def. Mot. to Exclude Other Acts and Impeachment Evidence, at 4-5; Def. Oppos. at 8 n.2. The court, however, will require that any such stipulation be in writing.

5

**II.   Government's Motions in Limine**

    **A.   Motion to Admit Documents from Defendant's A-File**

The government's motion to introduce several documents from defendant's A-file at trial, including: (1) warrants of removal/deportation showing that defendant was deported on February 12, 1999 and February 12, 2004; (2) a May 13, 2002 sworn interview statement defendant gave immigration authorities; (3) May 29, 2008 sworn statements from two interviews that defendant gave immigration authorities; and (4) several of defendant's fingerprint cards, is GRANTED. Specifically, the warrant of removal is not limited to the issue of deportation but may also be relied on to establish alienage. *See United States v. Bahena-Cardena*, 411 F.3d 1067, 1074 (9th Cir. 2005). Its related motion to introduce the certificate of non-existence of record ("CNR") is also GRANTED. Defendant's opposition is foreclosed by *United States v. Cervantes-Flores*, 421 F.3d 825, 831-33 (9th Cir. 2005).

    **B.   Motion to Admit Defendant's Prior Statements**

The government's motion to introduce (1) defendant's May 13, 2002 sworn interview statement to immigration authorities; (2) defendant's February 21, 2003 plea agreement; (3) defendant's February 21, 2003 application for permission to enter plea of guilty and order accepting plea; (4) defendant's statements on the record from his February 21, 2003 change of plea hearing; (5) defendant's statements at his May 15, 2003 sentencing; (6) defendant's May 29, 2008 sworn statement; and (7) defendant's second May 13, 2002 sworn statement, is GRANTED. Numbers four and five above were GRANTED subject to the government providing defendant with the transcripts by **Wednesday, September 3, 2008.**

    **C.   Motion to Prohibit Reference to Why the Defendant Reentered or Remained in the United States**

The government's motion is GRANTED as that evidence is generally irrelevant. However, defendant will be permitted to make an offer of proof at trial to establish the relevance of specific evidence before such evidence will be admitted or before testimony about it may be elicited.

### D. Motion to Prohibit any Reference to the Defendant's Background and Prior Residency

The government's motion is GRANTED as that evidence is generally irrelevant. However, defendant will be permitted to make an offer of proof at trial to establish the relevance of specific evidence before such evidence will be admitted or before testimony about it may be elicited.

### E. Motion to Prohibit any Collateral Attack on the Defendant's Prior Deportation or Removal

The government's motion is GRANTED as unopposed.

### F. Motion to Prohibit any Reference to Penalties

The government's motion is GRANTED pursuant to *United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995).

## III. Jury Instructions

The court DEFERS ruling on the four disputed instructions, and will entertain argument on those instructions at some point during trial.

## IV. Verdict Form

The parties are ORDERED to file a jointly revised verdict form by the first day of trial.

**IT IS SO ORDERED.**

Dated: September 4, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge